STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Todd Robert SMITH, Defendant-Appellant.

Supreme Court

*No. 80–1570–CR. Argued December 3, 1981.—*
*Decided February 2, 1982.*

(Also reported in 315 N.W.2d 343.)

For the plaintiff-petitioner the cause was argued by *David J. Becker,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the defendant-appellant there was a brief and oral argument by *John E. Tradewell,* assistant state public defender.

DAY, J. The issue in this case is whether a circuit judge against whom a request for substitution has been filed at the preliminary hearing pursuant to sec. 971.20, Stats. 1979–80,[1] may preside over the trial of the case.

---

[1] "971.20 Substitution of judge. (1) The defendant or the defendant's attorney may file with the clerk a written request for a substitution of a new judge for the judge assigned to the trial of that case. The request shall be signed by the defendant or the defendant's attorney personally and shall be made before making any motion or before arraignment. If a new judge is assigned to the

We hold that once a judge has been properly "substituted out"[2] of a case pursuant to sec. 971.20, he may not preside over any subsequent proceedings in that case except by agreement as set forth in sec. 971.20(6).

trial of a case, a request for substitution must be made within 10 days of receipt of notice of assignment, provided that if the notice of assignment is received less than 10 days prior to trial, the request for substitution must be made within 24 hours of receipt of the notice and provided that if notification is received less than 24 hours prior to trial, the action shall proceed to trial only upon stipulation of the parties that the assigned judge may preside at the trial of the action.

"(2) Upon the filing of the request in proper form and within the proper time the judge named in the request has no authority to act further in the case except to conduct the initial appearance, accept pleas of not guilty, and set bail. Except as provided in subs. (7) and (8), no more than one judge may be substituted in any action.

"(3) In addition to the procedure under sub. (1), a request for the substitution of a judge may also be made by the defendant at the preliminary examination except that the request must be filed at the initial appearance or at least 5 days before the preliminary examination unless the court otherwise permits.

"(4) When a judge is substituted under this section, the clerk of circuit court shall request assignment of another judge under s. 751.03.

"(5) The request in sub. (1) may be in the following form:

STATE OF WISCONSIN,
. . . . County,
. . . . Court
State of Wisconsin
vs.
. . . . (Defendant)
    Pursuant to s. 971.20 the defendant requests a substitution for the Hon. . . . . as judge in the above entitled action.
    Dated . . . .

                    . . . . (Signed by defendant personally)
"(6) Upon the filing of an agreement signed by the defendant in a criminal action or proceeding, by the prosecuting attorney, by the original judge for which a substitution of a new judge has been made, and by the new judge, the criminal action or proceeding and pertinent records shall be transferred back to the original judge.

Defendant-Appellant, Todd Robert Smith (defendant), was charged with several counts of burglary. Defendant, a juvenile, was waived into adult court presided over by Judge Timothy L. Vocke, Vilas county circuit court. Defendant filed a request for substitution of judge against Judge Vocke pursuant to sec. 971.20(3), Stats. The request was granted, and Reserve Judge Peter Seidl was assigned to preside over the preliminary hearing.

Defendant was bound over for trial and Judge Vocke was assigned by the district court administrator to try the case. Defendant moved "that the assignment of Judge Vocke be terminated and that a new judge be assigned to hear the case." The defendant argued that pursuant to sec. 971.20(2), Stats., once Judge Vocke had been properly substituted out of the case, he had no authority to act further in the matter.

Judge Vocke denied the motion and refused to remove himself from the case unless a second substitution of judge request was filed pursuant to sec. 971.20(1),

"(7) If the judge who heard the preliminary examination is the same judge who is assigned to the trial of that case, the defendant or the defendant's attorney may file a request under sub. (1) within 7 days after the preliminary examination or at the time of the arraignment, whichever occurs first, and still retain the right for one additional request under sub. (1).

"(8) If upon an appeal from a judgment or order or upon a writ of error the appellate court orders a new trial or reverses or modifies the judgment or order in a manner such that further proceedings in the trial court are necessary, the defendant or the defendant's attorney may file a request under sub. (1) within 20 days after the entry of the judgment or decision of the appellate court whether or not another request was filed prior to the time the appeal or writ of error was taken."

[2] We adopt the descriptive term used by the court of appeals that refers to the judge against whom a request for substitution has been properly filed as the judge who has been "substituted out" of the case. *State v. Smith*, 103 Wis. 2d 361, 363, 309 N.W.2d 7 (Ct. App. 1981).

Stats. Defendant petitioned the court of appeals for leave to appeal Judge Vocke's order. The court of appeals granted the petition and reversed Judge Vocke's order on the ground that once a judge has been substituted out of a case, he may not be reassigned to it at a later stage. The state filed a petition with this court to review the court of appeals decision, which we granted.

Section 971.20, Stats., sets forth the procedure for substitution of judges in criminal cases. Section 971.20 (1) gives a defendant in a criminal case the right to have a new judge substituted for the "judge assigned to the trial of that case." Section 971.20 (3) gives the defendant the additional right to request substitution of the judge assigned to preside over the preliminary examination.

Section 971.20 (2), Stats., with which we are primarily concerned, sets forth the effect of a properly filed request for substitution on the authority of the judge against whom the request has been filed to act further in the case. The section reads:

"971.20  **Substitution of judge.** . . . (2) Upon the filing of the request in proper form and within the proper time the judge named in the request has no authority to act further in the case except to conduct the initial appearance, accept pleas of not guilty, and set bail. Except as provided in subs. (7) and (8), no more than one judge may be substituted in any action."

Section 971.20 (7) and (8), Stats., are not relevant to the matter before us.

The plain language of the statute controls the disposition of this case. Once a judge has been substituted out of a case, he may not preside over any subsequent proceedings in that case. To allow him to reenter the case would vitiate the substitution of judge statute by effec-

tively nullifying the defendant's right to substitute a judge.[3]

Since Judge Vocke was properly substituted out of the preliminary hearing, he "had no authority to act further in the case." Therefore it was improper to assign Judge Vocke to the trial of the matter once he had been substituted out of the case. The motion requesting that Judge Vocke's assignment to the case be terminated should have been granted.

*By the Court.*—The decision of the Court of Appeals is affirmed.

---

[3] *Cf., State ex rel. Warrington v. Shawano Cty. Cir. Ct.*, 100 Wis. 2d 726, 737, 303 N.W.2d 590 (1981), in which this court construed the time limits pertaining to a request for substitution filed under sec. 971.20(1), stating:

"The only time limits applicable to the present case, then, are those that require the substitution request be made 'before making any motion or before arraignment.' Because these time limits were complied with, Judge Eberlein, with the exception of those administrative duties set forth in sec. 971.20(2), *had no authority to act further in the case. It then became incumbent upon the clerk of court to request the assignment of another judge* pursuant to secs. 971.20(4) and 751.03." (Emphasis added.)