STATE of Wisconsin, Plaintiff-Respondent,†

v.

Lee AUSTIN, Defendant-Appellant.

Court of Appeals

*No. 92-0184-CR. Submitted on briefs August 11, 1992.—Decided September 22, 1992.*

(Also reported in 490 N.W.2d 780.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Michael W. Tobin,* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general, by *Maureen McGlynn Flanagan,* assistant attorney general, of Madison.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

WEDEMEYER, P.J. Lee Austin appeals from a judgment convicting him of recklessly endangering safety and possession of a firearm by a felon, contrary to secs. 941.30(2) and 941.29(2), Stats., respectively, and from an order denying his motion for post-conviction relief. Because the trial judge was without authority to act during a sentencing hearing due to his having been substituted earlier in the proceedings pursuant to sec.

971.20, Stats., we reverse and remand to the trial court for sentencing.

The relevant facts are undisputed. In a joint criminal complaint filed May 17, 1990, Lee Austin and his brother, Johnny Austin, were charged with two crimes stemming from a fight with Jurant Nash on May 13, 1990.

After a finding of probable cause, the case was assigned to Judge Rudolph T. Randa. On May 25, 1990, Lee and Johnny appeared before Court Commissioner Audrey Y. Brooks for a preliminary hearing. Lee waived his right to the preliminary hearing and filed a request for a substitution against Judge Randa. Johnny also filed a request for substitution against Judge Randa.[1] The request was granted as to both defendants and the case was reassigned to Reserve Judge Robert C. Cannon. On July 11, 1990, the Austin brothers appeared before Judge Cannon. The case was continued for jury trial. On July 24, 1990, Lee and Johnny waived their jury trial right and pled guilty to the crimes with which they had been charged. Judge Cannon then sentenced both defendants.[2]

---

[1]The State argued in its brief that the substitution request in this case was improper because both defendants did not join in the request as required by sec. 971.20(6), Stats. During our research of the case, however, we found that Johnny's substitution request had been inadvertently left from the appellate record. We have supplemented the record with the request and the issue is now moot.

[2]After accepting Lee Austin's pleas, Judge Cannon withheld sentence on both counts and placed him on probation for one year, with a concurrent six-month jail sentence as a condition of probation on each count. Johnny Austin was placed on probation and is not a party in this appeal.

In August 1990, Lee Austin failed to report to the House of Correction as required by the condition of his probation. On August 31, 1990, the State appeared before Judge Randa and requested that a bench warrant issue for Austin's arrest. The request was granted. Pursuant to the bench warrant, Austin was brought before Judge Randa on September 20, 1990. Judge Randa stated that the defendant was under a sentence of Judge Cannon's and because of that "[t]here's nothing this court can do." Austin was not represented by counsel at either of these hearings.

Subsequently, Austin's probation privileges were revoked. He then appeared before Judge Randa for sentencing after revocation. On April 25, 1990, represented by new counsel, he was sentenced to four years incarceration. Counsel for Austin did not object to Judge Randa's presence in the case. On September 17, represented by newly appointed appellate counsel, Austin filed his motion for post-conviction relief, asserting that Judge Randa was without authority to impose a sentence upon him. Relying primarily on waiver, the court denied Austin's motion by written order entered on December 30, 1991. This appeal followed.

## I. STANDARD OF REVIEW

The question before this court involves an interpretation and application of various provisions of the substitution of judge statute, sec. 971.20, Stats. (1989–90). The construction of a statute, as well as a statute's application to a set of facts, are questions of law. *Minuteman, Inc. v. Alexander,* 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989); *Wilson v. Waukesha County,* 157 Wis. 2d 790, 794, 460 N.W.2d 830, 832 (Ct. App. 1990). An appellate court decides questions of law without defer-

ence to the trial court's determination. *Tobler v. Door County,* 158 Wis. 2d 19, 21, 461 N.W.2d 775, 775 (1990). Findings of fact, however, are accepted by this court unless clearly erroneous. Section 805.17(2), Stats.

## II. STATUTORY ANALYSIS

The procedure for substitution of judges in Wisconsin is expressed in sec. 971.20(4), Stats.:

**(4) Substitution of Trial Judge Originally Assigned.** A written request for the substitution of a different judge for the judge originally assigned to the trial of the action may be filed with the clerk before making any motions to the trial court and before arraignment.

Where a judge is substituted in a case, his or her authority to act upon the case is clearly defined by statute in Wisconsin. Section 971.20(9), Stats., provides:

**(9) Judge's Authority to Act.** Upon the filing of a request for substitution in proper form and within the proper time, the judge whose substitution has been requested has no authority to act further in the action except to conduct the initial appearance, accept pleas and set bail.

A substituted judge is able to return to the case under a specific scenario. Section 971.20(11), Stats., states:

**(11) Return of Action to Substituted Judge.** Upon the filing of an agreement signed by the defendant or defendant's attorney and by the prosecuting attorney, the substituted judge and the substituting judge, the criminal action and all pertinent records shall be transferred back to the substituted judge.

In the present case, Austin made a timely and appropriate request for substitution of Judge Randa at the preliminary hearing. The record reflects that the request was granted and that the case was reassigned to Judge Cannon. Judge Cannon accepted Lee's guilty plea and entered a dispositional order for the case.

There is no record of any agreement between the parties and the judges regarding transfer back to Judge Randa. Absent such an agreement, sec. 971.20(9), Stats., controls. Once Judge Randa was substituted from the case, he could only act as specified in sec. 971.20(9). He had "no authority" to sentence after revocation. As noted by our supreme court in *State v. Smith,* 106 Wis. 2d 17, 20-21, 315 N.W.2d 343, 345 (1982):

> The plain language of the statute controls the disposition of this case. Once a judge has been substituted out of a case, he may not preside over any subsequent proceedings in that case. To allow him to reenter the case would vitiate the substitution of judge statute by effectively nullifying the defendant's right to substitute a judge.

*State ex rel. Warrington v. Shawano County Cir. Ct.,* 100 Wis. 2d 726, 303 N.W.2d 590 (1981), is also instructive in the present scenario. In *Warrington,* while considering the time limits for substitution filed under sec. 971.20, Stats. (1979-80), the court stated:

> The only time limits applicable to the present case, then, are those that require the substitution request be made "before making any motion or before arraignment." *Because these time limits were complied with, [the substituted judge], with the exception of those administrative duties set forth in sec. 971.20(2), had no authority to act further in the case.*

*Id.* at 737, 303 N.W.2d at 595 (emphasis added).

## III. WAIVER

The State concedes that "[o]nce properly exercised, the right of substitution is broad and unconditional." However, the State contends that Austin has foregone this "broad and unconditional" right by undertaking conduct inconsistent with the substitution request. Specifically, the State argues that Austin's failure to object to Judge Randa's continued participation in the case and at sentencing constituted an implied waiver, even in the absence of a formal withdrawal under sec. 971.20(11), Stats. We disagree.

Section 971.20(11), Stats., specifically delineates the requirements to be followed for a transfer back to the substituted judge. These requirements were not met. Moreover, deviation from the requirements would allow for substantial problems that are prevented by strict adherence to the statute. First, to find implied waiver in circumstances like these would be to condone carelessness among lawyers and courts. It is the responsibility of both lawyers and courts to check on previous substitutions as a matter of course. Second, to allow an implied waiver would serve to unfairly penalize less informed defendants who, because they appear pro se, or because they are represented by successor counsel or forgetful counsel, may not remember the substitution. While apparently acquiescent before the judge, they are still entitled to the protection of the substitution statute. Third, to allow an implied waiver would be to allow a new form of "forum shopping." Defendants, realizing that the first judge is more "lenient" than the second judge, could simply reappear before the first judge, hoping that busy clerks and prosecutors would not notice.

Defendants unilaterally could create a second substitution. Such a unilateral loophole was explicitly proscribed by the sec. 971.20(11) requirement that both parties agree before a case is returned to the first judge.

The State argues that two cases require a finding of implied waiver in the present case, *Clark v. State,* 92 Wis. 2d 617, 286 N.W.2d 344 (1979) and *State v. Hollingsworth,* 160 Wis. 2d 883, 467 N.W.2d 555 (Ct. App. 1991). Because *Clark* predates the current version of sec. 971.20, Stats., its application is limited. Interestingly, however, although not relevant to the outcome of the case, the court in *Clark* chose to consider the language of sec. 971.20(6), Stats. (1979–80) (now sec. 971.20(11)). The court stated that:

> The legislature has recognized that once a party files a request, the request is no longer subject only to the control of the party making the motion. The legislature now provides [in sec. 971.20(11)] that the request can be withdrawn and the case may be transferred back to the original judge *upon the filing of an agreement signed by the defendant, prosecuting attorney, the original judge and the new judge.*

*Clark,* 92 Wis. 2d at 632, 286 N.W.2d at 350 (emphasis added). We find this language to be consistent with our reading of sec. 971.20(11) in the present case.

The State next looks to *Hollingsworth* for the proposition that waiver occurred in the present scenario. In that case, Georgia Hollingsworth improperly filed a substitution request. Hollingsworth never attempted to correct the defect. In the meantime, however, Hollingsworth participated extensively in pre-trial proceedings, including, inter alia, the adjournment of the trial date, defendant's return on a bench warrant, a motion to modify bail, and a not guilty plea. Throughout these proceed-

ings, the original trial judge remained on the case, unaware of the request for substitution. Based on these facts, this court held that such extensive participation was inconsistent with the position that the substituted Judge was powerless to act. *Hollingsworth,* 160 Wis. 2d at 891–92, 467 N.W.2d at 558–59. Thus, Hollingsworth was found to have waived her right to a substitute judge. *Id.* at 892, 467 N.W.2d at 559.

Unlike the defendant in *Hollingsworth,* Austin submitted a proper substitution request. Further, only after violating the terms of his probation did Austin appear before Judge Randa. While it may not be difficult to understand how the chronology of events in this case led a judge and lawyers to assume that Austin was before the correct judge, he was not. Even understandable inadvertence did not vest Judge Randa with authority to preside over the sentencing of Lee Austin.

*By the Court.*—Judgment and order reversed and cause remanded to the trial court for sentencing.