# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP298-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| | Plaintiff-Respondent-Petitioner, |
| | v. |
| | Richard H. Harrison, |
| | Defendant-Appellant. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
(No cite)

| | |
|---|---|
| OPINION FILED: | January 22, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | November 5, 2014 |

SOURCE OF APPEAL:

| | |
|---|---|
| COURT: | Circuit |
| COUNTY: | Clark |
| JUDGE: | Jon M. Counsell |

JUSTICES:

CONCURRED:

DISSENTED:

NOT PARTICIPATING:

ATTORNEYS:

For the plaintiff-respondent-petitioner, the cause was argued by *Peter S. Rank*, assistant attorney general, with whom on the briefs was *J.B. Van Hollen*, attorney general.

For the defendant-appellant, there was a brief by *Katie R. York*, assistant state public defender, and oral argument by *Katie R. York*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP298-CR
(L.C. No. 2010CF88)

STATE OF WISCONSIN : IN SUPREME COURT

State of Wisconsin,

      Plaintiff-Respondent-Petitioner,

  v.

Richard H. Harrison,

      Defendant-Appellant.

**FILED**

**JAN 22, 2015**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 SHIRLEY S. ABRAHAMSON, C.J. This is a review of an unpublished court of appeals opinion and order reversing the judgment of conviction and postconviction order of the Circuit Court for Clark County, Jon M. Counsell, Judge.[1] The court of

---

[1] State v. Harrison, No. 2013AP298-CR, unpublished slip op. & order (Wis. Ct. App. Nov. 5, 2013).

appeals remanded the cause for a new trial.[2] We affirm the decision of the court of appeals.

¶2 Richard H. Harrison, the defendant, appealed a judgment of conviction and an order denying his motions for postconviction relief. The defendant had filed two postconviction motions requesting, among other things, a new trial. The motions alleged that Judge Counsell had no authority to preside over the defendant's trial and sentencing because the defendant had filed a timely and proper request for substitution of judge pursuant to Wis. Stat. § 971.20 and the request had been granted. Wisconsin Stat. § 971.20 is often referred to as the criminal peremptory substitution statute, the peremptory right to substitution, or the peremptory right to substitution statute.[3]

¶3 The circuit court denied the defendant's postconviction motions. The court of appeals summarily reversed the judgment of conviction and postconviction order and remanded for a new trial.

¶4 The State raises two issues for our review:

---

[2] The court of appeals concluded that the instant case was appropriate for summary disposition under Wis. Stat. § 809.21 (2011-12).

All subsequent references to the Wisconsin Statutes are to the 2011-12 version unless otherwise indicated.

[3] See State v. Holmes, 106 Wis. 2d 31, 34-35, 315 N.W.2d 703 (1982).

¶5 First, did the defendant forfeit his Wis. Stat. § 971.20 peremptory right to substitution?

¶6 Second, if the circuit court erred in presiding over the defendant's trial, sentencing, and postconviction motions after the defendant filed a timely and proper Wis. Stat. § 971.20 request for substitution of judge, the request was granted, and a new judge was appointed, was the error harmless?

¶7 For the reasons set forth, we answer the questions of law posed by the State as follows:

¶8 First, we conclude that the defendant in the instant case did not forfeit his statutory right to peremptory substitution of the judge. The defendant persisted with his substitution request throughout the proceedings and did not follow the procedure outlined in Wis. Stat. § 971.20(11) for abandoning his substitution request. Thus, the circuit court erred in presiding over the defendant's trial, sentencing, and postconviction motions.

¶9 Second, harmless error analysis does not apply in the instant case when the circuit court erred by presiding over the defendant's trial, sentencing, and postconviction motions after the defendant filed a timely and proper Wis. Stat. § 971.20 request for substitution of judge, the request was granted, and a new judge was appointed. Applying the doctrine of harmless error under these circumstances is contrary to case law and would nullify the defendant's statutory right to substitute the judge without furnishing a reason for the requested substitution

and without demonstrating that prejudice would result from the substituted judge's presiding.

¶10 Accordingly, we affirm the decision of the court of appeals and remand the cause to the circuit court for a new trial.

I

¶11 The facts are not in dispute for purposes of this review.

¶12 On July 16, 2010, the State filed a criminal complaint against the defendant in Clark County Circuit Court, charging him as a repeater with burglary, resisting and obstructing an officer, misdemeanor theft, and criminal damage to property. Circuit Court Judge Jon M. Counsell is the sole circuit court judge in Clark County.

¶13 On four occasions, the defendant or his attorney requested that Judge Counsell not preside at a case involving the defendant:

¶14 1. On August 20, 2010, the defendant filed a timely and proper request for substitution of judge pursuant to Wis. Stat. § 971.20. On August 26, 2010, the circuit court approved the defendant's request. Because Clark County is a single-judge county, the chief judge of the district reassigned the case to Judge Thomas Flugaur, a judge in a neighboring county.

¶15 On December 29, 2010, Judge Flugaur presided over the defendant's preliminary hearing. Judge Flugaur found probable cause and bound the defendant over to the Clark County Circuit Court for arraignment and trial. Judge Flugaur instructed the

4

parties: "You can schedule with Judge Counsell for arraignment and trial since this court is no longer involved in the case." This comment ended the proceedings.

¶16 2. On January 14, 2011, an arraignment was held before Judge Counsell on the charges in the instant case and on charges in a subsequently filed second criminal complaint. Wisconsin Stat. § 971.20(9) provides that "the judge whose substitution has been requested has no authority to act further in the action except to . . . accept pleas . . . ." Thus, Judge Counsell's presiding over the arraignment did not violate Wis. Stat. § 971.20(9).

¶17 The defendant's counsel advised the circuit court that the defendant intended to request substitution of the judge in the second criminal case. The defendant's counsel did not mention the prior substitution request in the instant case.

¶18 Although the defendant's counsel advised the court at arraignment that he would be filing a request for substitution of judge in the second case that very day, the district attorney and the defendant's counsel set a trial date for the instant case for March 29, 2011.

¶19 3. On February 17, 2011, at the pretrial conference for the instant case, Judge Counsell reported that the case was still first on the calendar for March 29, 2011. The State advised the circuit court that if the defendant took the stand, it would file a motion allowing the defendant to be asked whether he had ever been convicted of a crime. The defendant's counsel had no motions.

5

¶20 The defendant, appearing by video, stated that it had been "several months" since he had spoken with his attorney.[4] The defendant further stated that he was under the impression that his attorney would offer a motion regarding "change of judge based on the fact [of] conflict of interest and some other things." The defendant stated several times: "I don't know what's going on."

¶21 The circuit court, Judge Counsell presiding, asked whether the defendant wanted to speak privately with his attorney. The defendant said he did and the defendant's counsel said that he would arrange to speak privately with the defendant.

¶22 Judge Counsell did not address the defendant's request for change of judge but instead said that the defendant's counsel intended to go see the defendant "and you can talk over these issues. We are set for the trial. Thank you all."

¶23 4. On March 24, 2011, the defendant's counsel sent a letter to the circuit court, along with an affidavit from the defendant, requesting that Judge Counsell recuse himself from the instant case. The letter disassociated the defendant's counsel from the defendant's request that Judge Counsell recuse himself, stating as follows:

> Further, enclosed is a notarized statement from my client that I have held and not filed with the Court

---

[4] The defendant's counsel advised the circuit court that "for the record, it hasn't been months. The last time we were in court was slightly more than 30 days ago."

until this time.  I hesitated to bring this matter up because I have no feeling of "bias" as my client appears to have, and I did not know how to handle the matter.  With my last meeting with my client, I was directed to file same and ask that you interpret this paragraph of my letter to you to be a request, made on behalf and at the direction of my client, to review his affidavit and address the matter of him requesting your recusal from this case.  My client and I have already discussed the matter and I believe he understands the circumstances and potential ramifications of his request and he also would acknowledge that the request is made by me solely based upon his direction to do so.

¶24 Judge Counsell denied the defendant's request the following day.

¶25 Judge Counsell continued to preside over the remainder of the defendant's case, including the defendant's trial in July 2011 and the sentencing hearing in September 2011.[5]

¶26 Although the defendant used phrases like "change of judge" and "recusal" in some of his filings, rather than consistently discussing Judge Counsell's "substitution" or "authority to act," the defendant's goal was clear:  He did not want Judge Counsell on the instant case or the other criminal case in which he was being charged.

¶27 After a jury trial in the instant case, the defendant was found guilty of three offenses[6] and Judge Counsell imposed

---

[5] In his March 24 letter to the court, the defendant's counsel also requested a postponement of the trial from March 2011.  The circuit court granted the postponement request.

three consecutive sentences for a total of 13 years' initial confinement and seven years' extended supervision.

¶28 On August 27, 2012, the defendant filed a postconviction motion requesting, among other things, a new trial. The defendant asserted that Judge Counsell had no authority to preside over the defendant's trial or sentencing because the defendant had filed a timely and proper request for substitution of judge under Wis. Stat. § 971.20 and the request had been granted.

¶29 The defendant also requested "in the alternative" that he be declared eligible for the Earned Release Program (ERP) and Challenge Incarceration Program (CIP).

¶30 The circuit court granted the defendant's request for ERP and CIP eligibility. But the circuit court declined to address the defendant's request for a new trial, stating: "As the court has granted defendant's requested alternate relief, the court concludes that there is no longer a need for 'a new trial or an evidentiary hearing' to address other issues the defendant has raised, as they are rendered moot" (citation omitted).

---

[6] A jury found the defendant guilty of burglary of a building or dwelling as a repeater, contrary to Wis. Stat. §§ 943.10(1m)(a) and 939.62(1)(b); resisting or obstructing an officer as a repeater, contrary to Wis. Stat. §§ 946.41(1) and 939.62(1)(a); and theft of movable property as a repeater, contrary to Wis. Stat. §§ 943.20(1)(a) and 939.62(1)(a).

8

¶31 The defendant filed an amended postconviction motion, clarifying that his request for ERP and CIP eligibility was not intended to be in the alternative to his request for a new trial.

¶32 The circuit court, Judge Counsell presiding, denied the amended postconviction motion, stating:

> The defendant has filed an amended motion for post-conviction relief.  The motion was preceded by a letter from defendant's counsel [] filed November 28, 2012, attempting to explain that defendant was not satisfied with the relief the court granted defendant in its decision filed November 27, 2012.
>
> The court granted defendant the relief asked for in his original post-conviction motion.  The court is concluded with this matter.  All remaining motions are denied.  All future hearings are cancelled.

¶33 The court of appeals summarily reversed the judgment of conviction and postconviction order and remanded the matter to the circuit court for a new trial.  The court of appeals cited Wis. Stat. § 971.20(9) and (11) and held as follows:

> Once a timely substitution request has been made and approved as to form, "the judge whose substitution has been requested has no authority to act further in the action except to conduct the initial appearance, accept pleas and set bail," unless the defendant or defense counsel, the prosecutor, the substituted judge and the substituting judge all sign and file an agreement to transfer the matter back to the substituted judge.[7]

II

---

[7] State v. Harrison, No. 2013AP298-CR, unpublished slip op. & order at 2 (Wis. Ct. App. Nov. 5, 2013).

9

¶34 The State presents two questions for our review:

¶35 First, did the defendant forfeit his Wis. Stat. § 971.20 peremptory right to substitution?

¶36 Second, if the circuit court erred in presiding over the defendant's trial, sentencing, and postconviction motions after the defendant filed a timely and proper Wis. Stat. § 971.20 request for substitution of judge, the request was granted, and a new judge was appointed, was the error harmless?

¶37 Both questions require us to interpret Wis. Stat. § 971.20. The interpretation and application of a statute present questions of law that we decide independently of the circuit court and the court of appeals but benefiting from their analyses.[8]

¶38 Thus, we turn to Wis. Stat. § 971.20, the criminal peremptory substitution statute.

III

¶39 Wisconsin Stat. § 971.20 grants criminal defendants the right to substitute a judge without providing a reason for the requested substitution. Two subsections are especially important in the present case.

¶40 Subsection (9) declares that when a timely request for substitution of judge has been filed in proper form, the substituted judge "has no authority to act further in the action except to conduct" three proceedings enumerated in the statute.

---

[8] See State v. Austin, 171 Wis. 2d 251, 254-55, 490 N.W.2d 780 (Ct. App. 1992).

¶41 Subsection (11) explains that after the statutory right to substitution has been properly invoked, a substituted judge may return to preside over the case "[u]pon the filing of an agreement signed by the defendant or defendant's attorney and by the prosecuting attorney, the substituted judge and the substituting judge." As the text makes clear, this subsection permits a substituted judge to return to a case when everyone involved in the matter agrees to it.

¶42 The criminal peremptory substitution statute provides in full as follows:

971.20. Substitution of Judge.

(1) Definition. In this section, "action" means all proceedings before a court from the filing of a complaint to final disposition at the trial level.

(2) One substitution. In any criminal action, the defendant has a right to only one substitution of a judge, except under sub. (7). The right of substitution shall be exercised as provided in this section.

(3) Substitution of judge assigned to preliminary examination.

(a) In this subsection, "judge" includes a circuit court commissioner who is assigned to conduct the preliminary examination.

(b) A written request for the substitution of a different judge for the judge assigned to preside at the preliminary examination may be filed with the clerk, or with the court at the initial appearance. If filed with the clerk, the request must be filed at least 5 days before the preliminary examination unless the court otherwise permits. Substitution of a judge assigned to a preliminary examination under this subsection exhausts the right to substitution for the duration of the action, except under sub. (7).

11

(4) Substitution of trial judge originally assigned. A written request for the substitution of a different judge for the judge originally assigned to the trial of the action may be filed with the clerk before making any motions to the trial court and before arraignment.

(5) Substitution of trial judge subsequently assigned. If a new judge is assigned to the trial of an action and the defendant has not exercised the right to substitute an assigned judge, a written request for the substitution of the new judge may be filed with the clerk within 15 days of the clerk's giving actual notice or sending notice of the assignment to the defendant or the defendant's attorney.  If the notification occurs within 20 days of the date set for trial, the request shall be filed within 48 hours of the clerk's giving actual notice or sending notice of the assignment.  If the notification occurs within 48 hours of the trial or if there has been no notification, the defendant may make an oral or written request for substitution prior to the commencement of the proceedings.

(6) Substitution of judge in multiple defendant actions.  In actions involving more than one defendant, the request for substitution shall be made jointly by all defendants.  If severance has been granted and the right to substitute has not been exercised prior to the granting of severance, the defendant or defendants in each action may request a substitution under this section.

(7) Substitution of judge following appeal.  If an appellate court orders a new trial or sentencing proceeding, a request under this section may be filed within 20 days after the filing of the remittitur by the appellate court, whether or not a request for substitution was made prior to the time the appeal was taken.

(8) Procedures for clerk.  Upon receiving a request for substitution, the clerk shall immediately contact the judge whose substitution has been requested for a determination of whether the request was made timely and in proper form.  If no determination is made within 7 days, the clerk shall refer the matter to the chief judge for the determination and reassignment of

12

the action as necessary. If the request is determined to be proper, the clerk shall request the assignment of another judge under s. 751.03.

(9) Judge's authority to act. Upon the filing of a request for substitution in proper form and within the proper time, the judge whose substitution has been requested has no authority to act further in the action except to conduct the initial appearance, accept pleas and set bail.

(10) Form of request. A request for substitution of a judge may be made in the following form:

STATE OF WISCONSIN

CIRCUIT COURT

 . . . County

State of Wisconsin

     vs.

 . . . (Defendant)

Pursuant to s. 971.20 the defendant (or defendants) request(s) a substitution for the Hon. . . . as judge in the above entitled action.

Dated . . . , . . . (year).

. . . (Signature of defendant or defendant's attorney)

(11) Return of action to substituted judge. Upon the filing of an agreement signed by the defendant or defendant's attorney and by the prosecuting attorney, the substituted judge and the substituting judge, the criminal action and all pertinent records shall be transferred back to the substituted judge.

¶43 In the instant case, it is undisputed that the defendant timely and properly invoked his peremptory substitution right under the statute; that the circuit court granted the defendant's substitution request; and that a

13

substitute judge, Judge Flugaur, presided over the defendant's preliminary hearing.

¶44 It is also undisputed that the substituted judge, Judge Counsell, returned to preside over the instant case after the defendant had timely and properly filed his request for substitution, the request had been granted, and the substitute judge had presided over the preliminary hearing.

¶45 Finally, it is undisputed that no written agreement pursuant to Wis. Stat. § 971.20(11) was filed authorizing the substituted judge to return to preside over the trial, sentencing, and postconviction motions in the instant case.

A

¶46 The first question the State poses is whether the defendant forfeited his Wis. Stat. § 971.20 right to peremptory substitution.

¶47 The State argues that by participating in the trial and sentencing conducted by Judge Counsell and by failing to object to Judge Counsell's presiding at those proceedings, the defendant forfeited his right to object to Judge Counsell's return to the instant case.

¶48 The State's argument is unconvincing for two reasons.

¶49 First, the text of the statute provides the method by which a substituted judge can return to a case, that is, the method by which a substituted judge regains authority to act in the case. It is undisputed that there was no compliance with this provision in the instant case.

14

¶50 Nothing in the statute intimates that a defendant can forfeit or waive the right to substitution without complying with Wis. Stat. § 971.20(11).  We need not address, however, whether a request for substitution of the judge may be forfeited or waived without complying with Wis. Stat. § 971.20(11) under circumstances not presented in the instant case.  Under the circumstances of the instant case, it is clear the defendant did not forfeit or waive his substitution request.

¶51 Second, case law interpreting and applying Wis. Stat. § 971.20 does not support the State's position.  According to State v. Austin, 171 Wis. 2d 251, 490 N.W.2d 780 (Ct. App. 1992), a request for substitution of the judge is not forfeited when the defendant makes a timely and proper substitution request, the substitution request is granted, and a new judge presides over one of the proceedings in the case.

¶52 In Austin, as in the instant case, the defendant timely and properly filed a request for substitution of judge. The circuit court granted the request, and a new judge was assigned.

¶53 The new judge accepted Austin's guilty plea.  Austin's supervision was later revoked and the substituted judge returned to sentence Austin after revocation.  Austin did not object to the participation of the substituted judge at this proceeding.

¶54 The court of appeals concluded that Austin's failure to object to the substituted judge's continued participation in

15

the case did not constitute an implied waiver of Austin's right to substitution of the judge.[9]

¶55 According to the Austin decision, the doctrines of forfeiture and waiver do not apply after a substitution request is granted.[10] The court of appeals declared that "deviation from the requirements of [§ 971.20(11)] would allow for substantial problems that are prevented by strict adherence to the statute."[11]  It further declared that Wis. Stat. § 971.20(11)

---

[9] Austin uses the phrase "implied waiver" to mean forfeiture.

For a discussion of the distinction between waiver and forfeiture, see State v. Ndina, 2009 WI 21, ¶¶29-31, 315 Wis. 2d 653, 761 N.W.2d 612.  Cases, including Austin, do not use the two words consistently.  See Ndina, 315 Wis. 2d 653, ¶28.

[10] Austin, 171 Wis. 2d at 257-58.

[11] Id. at 257.  The "substantial problems" identified by the Austin court were as follows:

First, to find implied waiver in circumstances like these would be to condone carelessness among lawyers and courts.  It is the responsibility of both lawyers and courts to check on previous substitutions as a matter of course.  Second, to allow an implied waiver would serve to unfairly penalize less informed defendants who, because they appear pro se, or because they are represented by successor counsel or forgetful counsel, may not remember the substitution.  While apparently acquiescent before the judge, they are still entitled to the protection of the substitution statute.  Third, to allow an implied waiver would be to allow a new form of "forum shopping."  Defendants, realizing that the first judge is more "lenient" than the second judge, could simply reappear before the first judge, hoping that busy clerks and prosecutors would not notice.  Defendants unilaterally could

(continued)

16

"specifically delineates the requirements to be followed for a transfer back to the substituted judge."[12]   Because those requirements were not met, Austin did not lose his right to substitution of the judge.

¶56 The court of appeals in <u>Austin</u> imposed a responsibility on lawyers and courts "to check on previous substitutions as a matter of course," intimating that a defendant need not repeatedly request substitution to preserve the issue after a timely and proper substitution request has been made and granted.[13]

¶57 <u>Austin</u> relied on <u>State v. Smith</u>, 106 Wis. 2d 17, 315 N.W.2d 343 (1982), a case decided by this court.   The <u>Smith</u> court stated that "[t]he plain language of the statute controls the disposition of this case.   Once a judge has been substituted

---

create a second substitution.   Such a unilateral loophole was explicitly proscribed by the sec. 971.20(11) requirement that both parties agree before a case is returned to the first judge.

<u>Austin</u>, 171 Wis. 2d at 257.

[12] <u>Id.</u>

[13] <u>Id.</u>

17

out of a case, he may not preside over any subsequent proceedings in that case."[14]

¶58 _Austin_ also relied on this court's decision in _Clark v. State_, 92 Wis. 2d 617, 632-33, 286 N.W.2d 344 (1979). Clark requested substitution of the judge. Nothing happened in response to Clark's request and Clark did not follow up on his request. He did not seek an appropriate writ to compel the circuit court judge to stop the proceedings, to rule on the request, or to reassign the case. Clark proceeded through motion hearings and trial without objecting to the judge's presiding. The _Clark_ court explained that under these circumstances, an "objection to the judge's or clerk's failure to substitute a judge comes too late on appeal."[15]

¶59 The _Clark_ court also commented on the then-recent enactment of present Wis. Stat. § 971.20(11), which was not in effect when Clark's case was pending. The _Clark_ court wrote that before the enactment of subsection (11), a defendant like Clark could unilaterally withdraw a request for substitution.[16]

---

[14] _Smith_, 106 Wis. 2d at 20. _Smith_'s reference to "any subsequent proceeding" did not refer to the ability of a substituted judge to conduct "an initial appearance, accept pleas of not guilty, [or] set bail," which were permitted under the version of Wis. Stat. § 971.20 in effect when _Smith_ was decided. The _Smith_ case did not involve any of these enumerated proceedings.

[15] _Clark v. State_, 92 Wis. 2d 617, 631, 286 N.W.2d 344 (1979).

[16] _Id._ at 631-32.

18

The court construed Clark's conduct "as in effect constituting a unilateral withdrawal of the request for substitution."[17] However, after the enactment of subsection (11), the request for substitution "is no longer subject only to the control of the party making the motion."[18]

¶60  The State does not argue that the instant case differs from Austin or that Austin does not govern the instant case. Rather, the State asserts that Austin was incorrectly decided and urges this court to overrule Austin and to apply the common-law rule of forfeiture to the instant case.

¶61  Forfeiture is the failure to timely assert a right.[19] Waiver, in contrast, is the "intentional relinquishment or abandonment of a known right."[20]  The words "forfeiture" and "waiver" are often (incorrectly) used interchangeably in cases.

¶62  In the instant case, the State contends that the defendant forfeited (rather than waived) his right to substitution.  More specifically, the State asserts that because the defendant proceeded through trial and sentencing despite Judge Counsell's presiding, and without reserving the right to challenge Judge Counsell's return to the case, the defendant forfeited his request for and right of substitution.  The State

---

[17] Id. at 632.

[18] Id.

[19] State v. Soto, 2012 WI 93, ¶35, 343 Wis. 2d 43, 817 N.W.2d 848.

[20] Id.

contends that the defendant's conduct at trial and sentencing (his silence with regard to Judge Counsell's return to the case, in particular) was inconsistent with the defendant's request for substitution of the judge. The State concludes that through his conduct, the defendant forfeited his statutory right to substitution.

¶63 The common-law rule of forfeiture, argues the State, promotes expediency and efficiency and encourages diligent preparation. The State urges us to recognize that the defendant's belated request for a "do-over" in the instant case highlights the potential for abuse under the Austin rule.

¶64 To support its position that Austin should be overruled and that the court should declare that a substitution request that has been granted is nevertheless subject to forfeiture, the State relies on State v. Damaske, 212 Wis. 2d 169, 567 N.W.2d 905 (Ct. App. 1997).[21] According to the

---

[21] The State also relies on Pure Milk Products Co-op v. National Farmers Organization, 64 Wis. 2d 241, 219 N.W.2d 564 (1974), and Golos v. Worzalla, 178 Wis. 414, 190 N.W. 114 (1922). Neither the governing statutes nor the issues presented in Pure Milk and Golos are the same as in the instant case.

The issue in Pure Milk was whether a request for substitution pursuant to the civil peremptory substitution of judge statute was timely when preliminary proceedings had already taken place but trial had not yet commenced. The court held the request untimely under the statute and thus denied relief. In the instant case, it is undisputed that the defendant's substitution request was timely and proper. Thus, Pure Milk is unhelpful.

(continued)

20

State, Damaske, which was decided five years after Austin, is inconsistent with Austin.

¶65 We conclude that the facts of Damaske are significantly different from those in Austin and in the instant case; that Damaske and Austin are not inconsistent with each other; and, finally, that Austin should not be overruled.

¶66 In Damaske, unlike in Austin and in the instant case, the trial judge denied the defendant's request for substitution as untimely. Damaske never challenged this determination by seeking review of the denial either by the chief judge of the administrative district or by a writ of prohibition.[22] Damaske entered a no-contest plea with the judge whom Damaske had

---

The issue in Golos was whether, under the peremptory substitution of judge statute in place at the time, a defendant could "waive the disqualification of the judge created by the filing of [an affidavit of prejudice] by subsequently appearing and proceeding with the cause as if no affidavit had been filed[.]" Golos, 178 Wis. at 420. The court determined that the defendant's failure to object to the judge's return four years after the request for substitution was made indicated that the request for substitution had passed from the minds of all parties and the judge.

The Golos court concluded that a waiver could be inferred under the circumstances of that case. The court stated: "A waiver should not be implied, except where the facts are clear, and it appears that no right of the party in respect thereto has been consciously denied by the judge." Golos, 178 Wis. at 423. The facts and circumstances of the instant case are significantly different and do not permit the inference made in Golos.

[22] State v. Damaske, 212 Wis. 2d 169, 189, 567 N.W.2d 905 (Ct. App. 1997).

21

attempted to substitute presiding.  Damaske made no objections regarding the judge's presiding.

¶67 The court of appeals concluded in Damaske that by entering a plea of no contest without a reservation of rights and without seeking immediate review of the denial of his substitution request, Damaske waived the right to object to the substituted judge's imposing sentence.[23]

¶68 Damaske presents a significantly different fact situation than that presented in Austin or in the instant case.[24] In Damaske, the request for substitution was denied as untimely and no new judge was appointed to preside.  In Austin and in the instant case, the request for substitution was granted as timely and proper and a new judge participated in one of the proceedings before the substituted judge returned.

¶69 Austin remains intact after Damaske.  The court of appeals in Austin refused to view Austin's conduct, namely his participation in the revocation proceeding, as inconsistent with his previous request for substitution.  The court of appeals in the instant case likewise refused to view the defendant's participation at trial and sentencing as inconsistent with the defendant's previous request for substitution.

---

[23] Damaske, 212 Wis. 2d at 186, 189-90.

[24] The Damaske opinion provides other examples of waiver or forfeiture of the right to complain on appeal that a request for substitution was not honored.  The facts in those examples differ from the facts in Austin and in the instant case.

22

¶70 As we set forth previously, the defendant in the present case requested on four occasions that Judge Counsell not preside in the instant case or in a different criminal case involving the defendant. The defendant's initial request for substitution in the instant case was granted; his subsequent requests were acknowledged but not granted. The circuit court judge was, therefore, fully aware of the defendant's challenge to the judge's participation in the instant case and another pending criminal case.

¶71 The defendant's efforts seeking substitution in the instant case were, as we explained previously, rebuffed by the defendant's counsel and the circuit court.

¶72 These facts do not support a conclusion that the defendant forfeited his request for substitution. Indeed, the case law makes it eminently clear that after the defendant's timely and proper request for substitution of judge was made and granted in the instant case, the defendant did not have to take additional steps to avoid forfeiture of his substitution request.

¶73 We need not address whether under other circumstances an accused may forfeit or waive the statutory right to substitute the judge after a timely and proper request for substitution has been made and granted. We need not address whether compliance with Wis. Stat. § 971.20(11) is the exclusive method for abandoning a request for substitution. We need address only whether under the circumstances of the instant case the defendant forfeited his request for substitution.

23

¶74 Again, the circumstances of the instant case are that a timely and proper request for substitution was made and granted; a new judge presided at a hearing; the substituted judge returned to preside over the defendant's trial, sentencing, and postconviction motions; the defendant objected to the substituted judge's returning; and no agreement under Wis. Stat. § 971.20(11) was reached.

¶75 Austin answers our question: Under these circumstances, the defendant's right to substitution was not forfeited. In Austin, the court of appeals remanded the cause for a new trial.

¶76 We conclude that this case presents a fact situation substantially similar to that presented in Austin and that Austin is not inconsistent with Damaske or the other cases cited by the State, which recognize forfeiture or waiver of a substitution request under certain circumstances not present in the instant case. We further conclude that Austin governs the instant case; that the defendant did not forfeit the right to substitution; and that Judge Counsell erred in presiding over the defendant's trial, sentencing, and postconviction motions. Adhering to Austin, we remand the cause for a new trial on account of the circuit court's error.

B

¶77 Because we have concluded that the circuit court erred in presiding over the defendant's trial, sentencing, and postconviction motions, the State asks that we determine the error was harmless.

24

¶78 According to the State, the error was harmless beyond a reasonable doubt.  The State argues that the defendant received a fair trial before an impartial judge.  The State points out that no evidence has been presented indicating that the proceedings were unfair due to Judge Counsell's presiding.

¶79 We are not persuaded by the State's harmless error argument.

¶80 To determine whether Wis. Stat. § 971.20 is amenable to harmless error analysis, we must look to the text of the statute.  The statute declares that a substituted judge, here Judge Counsell, "has no authority to act further in the action except to conduct" three enumerated proceedings.[25]  We must determine what the phrase "no authority to act" means and whether the phrase is amenable to a harmless error analysis.

¶81 The court of appeals and the parties offer different interpretations of the phrase "no authority to act" in Wis. Stat. § 971.10(9).

¶82 The court of appeals determined that "when the substitution statute refers to a judge lacking the 'authority to act' it means the court can no longer exercise jurisdiction over the matter."[26]  The court of appeals therefore declared that

---

[25] See Wis. Stat. § 971.20(9).

[26] State v. Harrison, No. 2013AP298-CR, unpublished slip op. & order at 3 (Wis. Ct. App. Nov. 5, 2013).

"when a judge lacks 'authority to act,' any judgment or order rendered by that judge is void for lack of jurisdiction."[27]

¶83 The court of appeals' position does not comport with the case law. Damaske explains that Wis. Stat. § 971.20(9) is "a limitation on the trial judge's competency to act, not on his or her jurisdiction."[28]

¶84 Adhering to Damaske, the defendant contends that Wis. Stat. § 971.20(9), referring to the substituted judge's lack of authority, deprives a substituted circuit court judge of "competency," not jurisdiction. The defendant cites Jefferson County v. Joseph S., 2010 WI App 160, ¶15, 330 Wis. 2d 737, 795 N.W.2d 450, and State ex rel. Jones v. Franklin, 151 Wis. 2d 419, 423-25, 444 N.W.2d 738 (Ct. App. 1989), for the proposition that harmless error analysis does not apply when a circuit court lacks competency to act.

¶85 The State appears to agree with the defendant that the error of Judge Counsell's presiding over the defendant's trial, sentencing, and postconviction motions was not jurisdictional. However, citing State v. Holmes, 106 Wis. 2d 31, 69-70, 315

---

[27] Id. at 3.

[28] Damaske, 212 Wis. 2d at 188-89. See Wis. Const. art. VII, § 8 ("Except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state . . . ."). "Only when the failure to abide by a statutory mandate is 'central to the statutory scheme' of which it is a part will the circuit court's competency to proceed be implicated." Village of Trempealeau v. Mikrut, 2004 WI 79, ¶10, 273 Wis. 2d 76, 681 N.W.2d 190 (citation omitted).

26

N.W.2d 703 (1982), the State contends that "[a]n individual judge's 'authority' to act in a specific case is an even narrower concept than competency . . . ."

¶86 The Holmes court upheld the criminal peremptory substitution of judge statute against a challenge grounded in separation of powers. The court reasoned that Wis. Stat. § 971.20 removes the individual judge but does not deprive the circuit court of the power to hear the case by assigning another judge. Holmes does not support the State's contention that a judge's authority to act in a specific case is a narrower concept than competency.

¶87 The case law supports the defendant's contentions that Judge Counsell lost competency to act in the present case and that harmless error analysis does not apply. The cases cited by the defendant clearly establish that a harmless error analysis does not apply when such an analysis effectively nullifies a right granted by statute.

¶88 Applying a harmless error analysis in the instant case would nullify the defendant's statutory right to substitution of the judge. As we explained previously, the statute does not require a defendant to provide a reason for the requested substitution or to demonstrate that prejudice would result from the substituted judge's presiding.

¶89 In a prior iteration of Wis. Stat. § 971.20, the legislature did require an "affidavit of prejudice" to support a

27

defendant's request for substitution of the judge.[29] The legislature repealed the affidavit of prejudice requirement to protect both defendants and circuit court judges and to preserve the public's confidence in a fair, impartial judicial system.[30] "[T]he intent of [§ 971.20] was that a defendant should not have to prove prejudice to obtain a new judge."[31] As the court stated in Holmes, 106 Wis. 2d at 61:

> In weighing the merits of alternative approaches to substitution, the legislature obviously concluded that sec. 971.20 . . . is a commendable procedure to protect the defendant's right to a fair trial, to protect the judge from having his or her impartiality unfairly impugned, to avoid having the lawyer file an affidavit of prejudice without having guidelines as to the proper use of the affidavit, and to promote the bench's and public's interest in preserving confidence in the judiciary.

¶90 Thus, by seeking to impose a harmless error analysis in the present case, the State attempts to insert a condition for substitution that the legislature has deliberately refused to impose. The court should not add an element to the substitution statute that the legislature did not enact.[32]

---

[29] For the statutory history of Wis. Stat. § 971.20, see State v. Bell, 62 Wis. 2d 534, 536-38, 215 N.W.2d 535 (1974); State v. Holmes, 106 Wis. 2d 31, 47-51, 315 N.W.2d 703 (1982).

[30] See Holmes, 106 Wis. 2d at 61.

[31] Bell, 62 Wis. 2d at 537. See also Holmes, 106 Wis. 2d at 60-61.

[32] See State v. Matasek, 2014 WI 27, ¶20, 353 Wis. 2d 601, 846 N.W.2d 811 ("We should not read into the statute language that the legislature did not put in" (quoting Brauneis v. LIRC, 2000 WI 69, ¶27, 236 Wis. 2d 27, 612 N.W.2d 635).).

¶91 In sum, application of a harmless error analysis in the present case would undercut Wis. Stat. § 971.20 by nullifying the defendant's statutory right to request and obtain substitution without any showing of prejudice. The text of Wis. Stat. § 971.20 controls the disposition of the instant case. The statutory violation in the instant case is simply not amenable to harmless error review, and the case law does not permit us to apply a harmless error analysis. Thus, we decline to do so.

\* \* \* \*

¶92 For the reasons set forth, we answer the questions of law posed by the State as follows:

¶93 First, we conclude that the defendant in the instant case did not forfeit his statutory right to peremptory substitution of the judge. The defendant persisted with his substitution request throughout the proceedings and did not follow the procedure outlined in Wis. Stat. § 971.20(11) for abandoning his substitution request. Thus, the circuit court erred in presiding over the defendant's trial, sentencing, and postconviction motions.

¶94 Second, harmless error analysis does not apply in the instant case when the circuit court erred by presiding over the defendant's trial, sentencing, and postconviction motions after the defendant filed a timely and proper Wis. Stat. § 971.20 substitution request, the request was granted, and a new judge was appointed. Applying the doctrine of harmless error under these circumstances is contrary to case law and would nullify

the defendant's statutory right to substitute the judge without furnishing a reason for the requested substitution and without demonstrating that prejudice would result from the substituted judge's presiding.

¶95 Accordingly, we affirm the decision of the court of appeals and remand the cause to the circuit court for a new trial.

*By the Court.*—The decision of the court of appeals is affirmed and the cause is remanded for a new trial.

1