STATE of Wisconsin EX REL. Tom S. TESSMER,
Plaintiff-Petitioner,

v.

CIRCUIT COURT BRANCH III, in and for Racine County,
Defendant-Respondent.†

Court of Appeals

*No. 84-2284-W. Submitted as petition for supervisory writ
February 14, 1985.—Decided March 7, 1985.*
(Also reported in 367 N.W.2d 235.)

† Petition to review denied.

For the petitioner, there was a petition for supervisory writ submitted by *Arthur B. Nathan* of *Nathan Law Office,* of Racine.

For the respondent, there was a response to the petition for supervisory writ submitted by *Bronson C. La Follette,* attorney general, and *Arnold J. Wightman,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   Tom S. Tessmer petitions for a supervisory writ to prohibit the Honorable Jon B. Skow from presiding over further proceedings in this matter. A response on behalf of Judge Skow has been filed by the attorney general.

The underlying prosecution is a traffic misdemeanor. The citation issued to Tessmer instructed him to appear

at the Racine County Circuit Court, "T & M" (traffic and misdemeanor) on Monday, October 22, 1984 at 9:30 a.m. Tessmer did so, without counsel. A court commissioner presided at that hearing. Tessmer was given a criminal complaint and entered a not guilty plea. The plea was accepted, and Tessmer was given written notice of a pretrial date, November 7, 1984, in branch number III. Branch III is Judge Skow's court.

Tessmer then retained counsel, who filed a request for substitution of judge on October 29, 1984. The request was denied as utimely.

A petition for a supervisory writ is the preferable route for review of the trial court's ruling on the form and timeliness of a request for substitution of judge. *Clark v. State,* 92 Wis. 2d 617, 631, 286 N.W.2d 344, 349 (1979). Three of the four general criteria for the issuance of a supervisory writ relate to the merits of the trial court decision. *State ex rel. Warrington v. Shawano County Circuit Court,* 100 Wis. 2d 726, 737 n. 2, 303 N.W.2d 590, 595 (1981). The fourth, a prompt and speedy request for relief, does not defeat this petition. Tessmer's petition to this court was promptly filed after the trial court's denial of substitution.

Section 971.20(4), Stats., is the applicable statute and provides as follows: *"SUBSTITUTION OF TRIAL JUDGE ORIGINALLY ASSIGNED.* A written request for the substitution of a different judge for the judge originally assigned to the trial of the action may be filed with the clerk before making any motions to the trial court and before arraignment." The substitution statute is designed to require a substitution request to be filed and acted upon before any substantive or procedural issues are considered. *Clark,* 92 Wis. 2d at 626, 286 N.W.2d at 347. The predominant legislative intent in sec. 971.20

is to afford a defendant the substitution of a new judge assigned to a trial so that the right to a fair trial is preserved. *Id.* at 627, 286 N.W.2d at 347. The statute should be applied in a reasonable manner to give effect to that intent. *Id.* "[T]he key to the statutory right of substitution [is] the defendant's ability to exercise his right of substitution *intelligently.*" *Id.* at 628, 286 N.W.2d at 348 (emphasis added).

In this instance, Tessmer's first court appearance was tantamount to an arraignment. A plea was entered and the case set over for further trial proceedings. *See* sec. 971.05, Stats. For a substitution request to be timely under sec. 971.20(4), Stats., it must be filed "before making any motions to the trial court and *before arraignment.*" (Emphasis added.) The arraignment in misdemeanor traffic cases typically occurs at the defendant's initial court date. Therefore, a timely request must be made before the return date established by the citation. Tessmer contends that a strict interpretation of sec. 971.20(4) would defeat his ability to intelligently exercise his right to substitution. He emphasizes that the average defendant does not know the identity of the "T & M" judge prior to any appearance in court.

The respondent argues that Tessmer's citation informed him to appear in traffic and misdemeanor court and that under the standing judicial assignments, traffic and misdemeanor court was branch III, Judge Skow's court. The attorney general points out that a defendant is not precluded from obtaining the identity of the traffic and misdemeanor judge prior to the court date.

In *Baldwin v. State,* 62 Wis. 2d 521, 529, 215 N.W.2d 541, 545 (1974), the supreme court noted that sec. 971.20, Stats., "works well in the majority of cases because the trial judge before whom the defendant is arraigned normally hears the case and sets the case for trial." The

defendant knows at that time the identity of the judge assigned for trial. However, the statute does not operate smoothly where "the arraignment sets out the guilty pleas and disposes of them at that time and the cases in which nonguilty pleas are entered are assigned for trial to other judges . . . ." *Id.*

The *Baldwin* rationale is controlling. The distinction urged by the respondent is not persuasive. *Baldwin* is analogous not because a calendaring procedure exists but because the arraignment occurs and pleas are entered before someone other than the judge assigned for trial. As in *Baldwin,* Tessmer did "not then know what judge [would] be assigned to try his case until after he [had] entered his not-guilty plea." *Id.*

The *Baldwin* court rejected a strict construction of sec. 971.20, Stats., when the constitutional right to a fair trial would be denied because a defendant is unable at the time of arraignment to know what judge is to try his case. *Id.* at 530, 215 N.W.2d at 545. The court concluded that a notation of "T & M" on a citation does not inform a defendant of the judge assigned to the trial in a multi-judge county. A defendant cannot intelligently exercise the right to substitution prior to an initial court appearance.

A literal construction of a statute should not be adopted if the obvious legislative purpose will be defeated. *State v. S & S Meats, Inc.,* 92 Wis. 2d 64, 70, 284 N.W.2d 712, 715 (Ct. App. 1979). A requirement that the defendant file a substitution request prior to any appearance in court is contrary to the legislative goal of affording a defendant an opportunity to intelligently exercise the right of substitution.

A defendant's time period for a substitution is not unlimited. Section 971.20, Stats., has been construed to give a defendant a reasonable time period in which to file a

substitution request after learning which judge is assigned to the trial, even though the statutory time limit has expired. *See Clark,* 92 Wis. 2d at 627–28, 286 N.W.2d at 347–48; *State ex rel. Akavickas v. Marathon County Court,* 77 Wis. 2d 297, 298, 252 N.W.2d 386, 387 (1977). The civil substitution statute, sec. 801.58, Stats., has been similarly applied. *See State ex rel. Tarney v. McCormack,* 99 Wis. 2d 220, 235, 298 N.W.2d 552, 559–60 (1980).

We conclude that the substitution statute ought to be applied here in the same manner. The substitution was filed within seven days after the arraignment. There is no evidence that proceedings were disrupted or delayed, no evidentiary hearings had taken place, no motions were heard and the pretrial was a week away. Under these facts, we hold that the request for substitution took place within a reasonable time period.

*By the Court.*—Writ granted.