STATE of Wisconsin EX REL. Angela NOWAK, Petitioner,

v.

CIRCUIT COURT FOR WAUKESHA COUNTY, BRANCH 8 and the Honorable James R. Kieffer, Presiding, Respondents.

Court of Appeals

*No. 91-2927-W. Submitted on briefs March 24, 1992.—Decided May 6, 1992.*

(Also reported in 485 N.W.2d 419.)

On behalf of the petitioner, there was a petition for writ of prohibition by *Katherine L. Zebell,* assistant state public defender.

On behalf of the respondents, there was a response to the petition for writ of prohibition by *James E. Doyle,* attorney general, and *Richard A. Perkins,* assistant attorney general.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J.   Angela Nowak petitions for a writ prohibiting the Honorable James R. Kieffer from presiding in any further proceedings in her underlying misdemeanor prosecution. Because we conclude that Nowak untimely sought reconsideration of her substitution motion, we deny the writ.

Nowak's initial appearance was on January 7, 1991, where she appeared without counsel before Court Commissioner Gerald Janis. The matter was adjourned to February 11, 1991. In the meantime, Nowak was determined to be indigent and was assigned public defender representation.

On February 11, Nowak appeared with counsel at the arraignment before Commissioner Janis. Before Nowak pleaded not guilty, she was informed that the matter would be set for an April 8, 1991 pretrial before Judge Kieffer. Nowak did not object. Two days later, however, she filed a motion for substitution of judge, pursuant to sec. 971.20, Stats. On February 28, 1991, the Waukesha County Clerk of Courts office informed Nowak's attorney that the substitution request was not timely filed. Nowak's attorney asserts, however, that the clerk's office never indicated either during that telephone call or later that the substitution request had been officially denied.

On October 30, 1991, Nowak filed a motion to reconsider, asking Judge Kieffer to reassess his denial of the motion for substitution. Nowak's motion for reconsideration was based on this court's recent decision in *State ex rel. Tinti v. Waukesha County Circuit Court,* 159 Wis. 2d 783, 464 N.W.2d 853 (Ct. App. 1990). Judge Kieffer denied the motion for reconsideration, reasoning that *Tinti* did not mandate relaxing the filing deadline imposed by sec. 971.20(4), Stats., under the facts of Nowak's case.

On December 12, 1991, Nowak petitioned this court for a writ prohibiting Judge Kieffer from exercising further jurisdiction in her misdemeanor prosecution. We ordered the state to respond. The case subsequently was made a three-judge appeal, by order dated February 12, 1992. We now deny the petition.

Both Nowak and the state pose their arguments within the framework of *Tinti.* In *Tinti,* this court reaffirmed that the statutory requirement that a substitution request be filed "before arraignment" is relaxed where the particular judicial system does not adequately advise the defendant, prior to arraignment, of the judge to whom the case is to be assigned for trial. *Tinti,* 159 Wis. 2d at 788, 464 N.W.2d at 855.

■

We decline to analyze this case pursuant to the teaching of *Tinti.* Rather, we concern ourselves only with Nowak's delay in seeking redress from the denial of her motion for substitution. We hold that once a defendant is informed that a request for substitution has been denied as being untimely and the defendant desires review of that decision, it is the defendant's obligation to *promptly* seek review, either by the chief judge of the administrative district or via a writ of prohibition.

The *Tinti* decision was released on December 19, 1990 and ordered published on January 29, 1991. Nowak was notified on February 28, 1991 that her motion for substitution was untimely. She did not file a motion to reconsider the denial of the substitution' motion until October 30, 1991. The record reveals that between February 28 and October 30, at least four proceedings were held before Judge Kieffer. Nowak's counsel appeared at all of them, and Nowak herself appeared at all but one. Nowak does not claim, and the record does not indicate, that reconsideration of the substitution denial ever was raised at any of these proceedings.

Nowak makes no attempt to explain the nearly nine-month gap between receiving notice and seeking reconsideration other than that "[t]here was no follow-up telephone call from the Waukesha County Clerk's Office indicating whether the substitution motion had, in fact, been denied or granted." She does not profess to believe, however, that Judge Kieffer's determination that her request was untimely meant anything but that the motion was denied.

We therefore conclude that by failing to promptly seek reconsideration and by making numerous appearances before Judge Kieffer, Nowak has waived her right to complain about having her case heard by him. *See State v. Hollingsworth,* 160 Wis. 2d 883, 891, 467 N.W.2d 555, 558 (Ct. App. 1991).

*By the Court.*—Writ denied.