# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP1292-CR and 2015AP1293-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| |         Plaintiff-Respondent, |
| |    v. |
| | Edward J. Zimbal, |
| |         Defendant-Appellant-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 371 Wis. 2d 564, 884 N.W.2d 535
(2016 – Unpublished)

| | |
|---|---|
| OPINION FILED: | June 14, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | December 2, 2016 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | Circuit |
|    COUNTY: | Brown |
|    JUDGE: | William M. Atkinson |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | ROGGENSACK, C.J. concurs, joined by R.G. BRADLEY, J. and KELLY, J.(opinion filed). ZIEGLER, J. concurs (opinion filed). |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

ATTORNEYS:

    For the defendant-appellant-petitioner, there were briefs filed by and oral argument by *Jeremy A. Newman*, assistant state public defender, with whom on the briefs was *Tristan S. Breedlove,* assistant state public defender.

    For the plaintiff-respondent, there was a brief filed by and an oral argument by *Nancy A. Noet*, assistant attorney general, with whom on the brief was *Brad D. Schimel*, attorney general.

An amicus curiae brief was filed on behalf of Wisconsin State Public Defender by *Joseph N. Ehmann,* regional attorney manager, and *Kelli S. Thompson,* state public defender.

2017 WI 59

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

Nos.   2015AP1292-CR & 2015AP1293-CR
(L.C. Nos.  2010CF706 & 2011CF231)

STATE OF WISCONSIN           :          IN SUPREME COURT

State of Wisconsin,

      Plaintiff-Respondent,

      v.

Edward J. Zimbal,

      Defendant-Appellant-Petitioner.

**FILED**

**Jun 14, 2017**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of an opinion of the Court of Appeals. *Reversed and cause remanded.*

¶1    ANN WALSH BRADLEY, J.    Petitioner, Edward J. Zimbal ("Zimbal"), seeks review of an unpublished court of appeals opinion affirming a circuit court order denying his postconviction motion.[1]    The court of appeals determined that Zimbal did not timely invoke his right to substitution of a circuit court judge.    It reasoned that his request fell outside

---

[1] State v. Zimbal, Nos. 2015AP1292-CR & 2015AP1293-CR, unpublished slip op., (Wis. Ct. App. July 6, 2016) (affirming order entered by the circuit court for Brown County, William M. Atkinson, J., presiding).

of the statutory 20 day time limit that begins to run on the date of the court of appeal's remittitur following a prior successful appeal in this case.

¶2 Zimbal asserts that the court of appeals erred, contending that his substitution request was timely because: (1) prior to having an attorney appointed he made an oral request for substitution in the circuit court and a written request in the court of appeals; (2) the circuit court instructed him that the filing of a motion for substitution should be deferred until after an attorney was appointed; and (3) his trial counsel formalized the substitution request 17 days after being appointed.

¶3 We conclude that under the unique circumstances presented here, when a defendant follows a circuit court's instruction to defer filing a request for substitution of a judge until after counsel is appointed, that strict compliance with the 20 day deadline for filing a request for substitution after remittitur is not warranted.[2] Although Zimbal's motion for

---

[2] There is nothing wrong with this strict compliance substitution statute, Wis. Stat. § 971.20(7), and we should not rewrite it by adding such indefinite concepts as excusable delay, good faith and prejudice. Establishing such a rule would tend to unravel what is meant to be a narrowly circumscribed statute. See, e.g., State v. Austin, 171 Wis. 2d 251, 257, 490 N.W.2d 780 (Ct. App. 1992). Nevertheless, the concurrence of C.J. Roggensack would do just that.

(continued)

2

substitution of judge was not timely filed under the statute, it was timely filed in this case because the circuit court in essence extended the deadline until after his trial counsel was appointed. Zimbal complied with the extended deadline when he filed a motion for substitution of judge within 20 days after

---

The concurrence would create a new——albeit amorphous—— category for the application of equitable tolling in this context. Explaining that "[e]quitable tolling focuses on whether there was an excusable delay by the plaintiff," it reasons that "[t]he doctrine may be applied when a claimant has made a good faith error and there is an absence of prejudice to others if it is applied." Chief Justice Roggensack's concurrence, ¶12 (citation and quotation omitted).

Under the approach of the concurrence, courts would have to determine when the delay is excusable. What constitutes a good faith showing and will any level of prejudice suffice? Is the new rule to be applied prospectively or retroactively? Given that the rule of the concurrence pertains only to unrepresented defendants, are there equal protection considerations? See concurrence, ¶19. What happens when a represented defendant also can show excusable delay, good faith and no prejudice?

In the past this court and the court of appeals have established categorical exceptions to the rule of strict adherence to Wis. Stat. § 971.20. See, e.g., Baldwin v. State, 62 Wis. 2d 521, 530, 215 N.W.2d 541 (1974) (an exception when a county's calendaring procedure prevents a defendant from timely knowing the assigned judge); State ex rel. Tessmer v. Cir. Ct. Branch III, In & For Racine Cty., 123 Wis. 2d 439, 443, 367 N.W.2d 235 (Ct. App. 1985) (an exception when the traffic and misdemeanor court's procedures prevented a defendant from timely knowing the assigned judge); State ex rel. Tinti v. Cir. Ct. for Waukesha Cty., Branch 2, 159 Wis. 2d 783, 788, 464 N.W.2d 853 (Ct. App. 1990) (an exception when an intake system does not provide adequate notice of the assigned judge).

None of these cases has expanded the exception to invoke the application of the doctrine of equitable tolling and we likewise decline to do so here. Instead, we limit our decision to the unique facts of this case.

3

his trial counsel was appointed. Accordingly, we reverse the decision of the court of appeals and remand to the circuit court to vacate the judgments of conviction and for a new trial.

I

¶4 The underlying facts in this case are not in dispute. Zimbal's petition for review arises from two criminal cases. In the first case, Zimbal was charged with stalking, disorderly conduct, and sending an obscene computer message. He was charged with stalking and two counts of felony bail jumping in the second case.

¶5 Zimbal entered a no contest plea to one count of stalking in the former case and one count of bail jumping in the latter, with the remaining counts dismissed or dismissed and read-in at sentencing. The circuit court sentenced Zimbal to consecutive maximum sentences, totaling nine years and six months with four years and six months of initial confinement and five years of extended supervision.

¶6 After sentencing, Zimbal filed a Bangert motion to withdraw his pleas and vacate his conviction, alleging that his pleas were not knowingly, intelligently and voluntarily entered.[3] The circuit court denied the motion but the court of appeals reversed, determining that the "court did not utilize any of the methods identified in Bangert for establishing Zimbal's

---

[3] See State v. Bangert, 131 Wis. 2d 246, 275-76, 389 N.W.2d 12 (1986).

4

understanding of the nature of the offense."[4]  It remanded Zimbal's cases with directions to vacate the judgments of conviction and grant Zimbal's motion to withdraw his pleas.[5]

¶7   Although the merits of Zimbal's Bangert motion are not at issue here, its resolution on appeal is relevant to the procedural posture of this case.  At issue is whether Zimbal made a timely request for substitution of judge pursuant to Wis. Stat. § 971.20(7) (2013-14)[6] after his cases were remitted to the circuit court following the successful appeal of the denial of his Bangert motion.

¶8   A request for substitution of judge following appeal may be filed within 20 days after the filing of the remittitur by the appellate court:

> If an appellate court orders a new trial or sentencing proceeding, a request under this section may be filed within 20 days after the filing of the remittitur by the appellate court, whether or not a request for substitution was made prior to the time the appeal was taken.

Wis. Stat. § 971.20(7).

¶9   After Zimbal's appeal on the Bangert motion concluded, his cases were remitted to the circuit court on October 8, 2013. On October 7, 2013, the circuit court continued a status hearing

---

[4] State v. Zimbal, Nos. 2012AP2234-CR & 2012AP2235-CR, unpublished slip op., ¶9 (Wis. Ct. App. Sept. 4, 2013).

[5] Id., ¶1.

[6] All subsequent references to the Wisconsin Statues are to the 2013-14 version unless otherwise indicated.

that had been held over from October 4, 2013. Zimbal appeared at the status conference by telephone from prison. Attorney Jeff Cano, the Regional Attorney Manager for the State Public Defender ("SPD") in Green Bay, was present in the courtroom. He advised the court that when the government returned Zimbal to the county, the SPD "would discuss with him the appointment of an attorney."

¶10 At the October 7, 2013, status hearing, Zimbal made a request for recusal of the circuit court judge, which was denied "at this time." The court allowed that it would give Zimbal's attorney an opportunity to do research on the recusal issue and address the request at the status conference:

> ZIMBAL: I'm also asking that you recuse yourself because there is no way you can be impartial and/or [un]bias[ed].
>
> THE COURT: Since you probably haven't done any research, I'll let your attorney do research on that issue and you can address that at the status conference. I'll deny your request at this time.
>
> ZIMBAL: I spoke to Attorney Hirsch this morning, and she said absolutely you can't do that. The Judge must recuse himself.
>
> THE COURT: All right. He can provide his authority for that at the status conference, and he can send it by letter beforehand, by the way, if you want it addressed beforehand.

¶11 That same day, Zimbal also wrote a letter to the court of appeals requesting assistance because the circuit court denied his oral request for recusal. It provided in relevant part:

6

I asked Attorney Hirsch if I could ask Judge Atkinson to recuse himself from my case based on him being biased and [not] impartial. She said absolutely. If you ask as the defendant he has to recuse himself especially after a[n] appeal from his Court.

. . .

There is no way Judge Atkinson can be impartial and I know that since I asked him to recuse himself from this case. He has to. Can you please look into this for me as I feel you need to be aware of this.

. . .

Yes I want him off my case and feel this is critical to me!

¶12 The court of appeals replied to Zimbal's letter on October 17, 2013, copying Judge Atkinson and the Clerk of the Circuit Court. It denominated his request as one for "substitution or recusal" of a judge and explained that it no longer had jurisdiction over his cases because the cases had been remitted to the circuit court. The reply recommended that he consult with trial counsel about how to proceed:

The court has asked me to respond to your October 7, 2013 letter regarding substitution or recusal of Judge Atkinson. The records in these cases ha[ve] been remitted to the circuit court and this court has no jurisdiction after remittitur. Therefore, the court will take no action on your letter. We suggest that you consult with your trial counsel about how to proceed.

¶13 When the State failed to produce Zimbal for a scheduled status hearing on October 15, and counsel had not yet been appointed, the circuit court rescheduled the status hearing to October 29, 2013. Zimbal appeared at that status conference but without counsel. The circuit court acknowledged that Zimbal

7

was unrepresented and adjourned the hearing until an attorney could be appointed to represent him.

¶14 On November 1, 2013, the State Public Defender appointed Zimbal new trial counsel who subsequently filed a request for substitution of judge seventeen days later, on November 18, 2013. It asserted:

> Zimbal made a written request for substitution before the statutory deadline, however he was not represented by counsel at the time and mistakenly sent the request to the Court of Appeals. Undersigned counsel was appointed by the State Public Defender on November 1, 2013.
>
> . . .
>
> Zimbal requests that the Court deem this motion timely, because counsel was only appointed after the statutory deadline had elapsed.

The circuit court denied Zimbal's November 18, 2013, request for substitution, concluding that the "[d]efendant did not comply with Wis. Stat[]. § 971.20(7)."

¶15 After Zimbal's request for substitution was denied, he went to trial on the original charges. A jury found Zimbal guilty of three counts in the first case, and three counts in the second case. The circuit court again sentenced Zimbal to consecutive maximum sentences, this time totaling nineteen years and six months, with nine and a half years of initial confinement and ten years of extended supervision.

¶16 Zimbal filed a postconviction motion requesting a new trial in the interest of justice or, in the alternative, a new trial due to ineffective assistance of counsel. His postconviction motion did not include a claim that any of

8

Zimbal's attorneys had been ineffective for failing to file a timely request for substitution of judge. The circuit court denied Zimbal's postconviction motion.

¶17 On appeal, Zimbal raised only one issue: whether the circuit court erred in denying his request for substitution of judge. In an unpublished per curium opinion, the court of appeals affirmed the circuit court order denying Zimbal's motion for substitution of judge. It concluded that because "Zimbal failed to comply with Wis. Stat. § 971.20(7), he did not properly invoke his right to substitution of a circuit court judge and his motion was properly denied."[7]

II

¶18 At issue is whether Zimbal made a timely request for substitution of judge. We are called upon to interpret and apply relevant statutes. The interpretation and application of a statute present questions of law that we decide independently of the decisions rendered by the circuit court and the court of appeals. State v. Harrison, 2015 WI 5, ¶37, 360 Wis. 2d 246, 858 N.W.2d 372.

¶19 Statutory interpretation begins with examining the language of the statute. State ex rel. Kalal v. Cir. Ct. for Dane Cty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. The purpose of statutory interpretation is to determine what the

---

[7] State v. Zimbal, Nos. 2015AP1292-CR & 2015AP1293-CR, unpublished slip op., ¶1 (Wis. Ct. App. July 6, 2016).

statute means so that it may be given its "full, proper, and intended effect." Id., ¶44.

¶20 We give statutory language "its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." Id., ¶45. Statutory language is interpreted in the context in which it is used, in relation to the language of surrounding or closely-related statutes." Id., ¶46.

### III

¶21 In determining whether Zimbal's request for substitution of judge was timely, we must consider both the plain meaning of the substitution statute and whether, under the circumstances, Zimbal was provided with an opportunity to exercise the statutory right to substitution. Zimbal asserts that his request for substitution of judge was timely because: (1) prior to having an attorney appointed he made an oral request for substitution in the circuit court and a written request in the court of appeals; (2) the circuit court instructed him that the filing of a motion for substitution should be deferred until after an attorney was appointed; and (3) his trial counsel formalized the substitution request 17 days after being appointed.

¶22 Pursuant to Wis. Stat. § 971.20(7), a request for substitution of judge following appeal must be filed within 20 days after remittitur:

> If an appellate court orders a new trial or sentencing proceeding, a request under this section may be filed within 20 days after the filing of the remittitur by the appellate court, whether or not a request for substitution was made prior to the time the appeal was taken.

Zimbal argues first that he complied with the deadline set forth in the statute.  He asserts that his request for substitution of judge was timely because he requested substitution orally in the circuit court and in writing in the court of appeals before the 20 day deadline had passed.

¶23  We pause to briefly address Zimbal's use of the word "recuse," rather than "substitute" in his oral request to the circuit court and subsequent written request to the court of appeals.  The State asserts that Zimbal did not comply with Wis. Stat. § 971.20(7) because both his oral request and his letter to the court of appeals requested Judge Atkinson's recusal, rather than a substitution of judge.

¶24  A motion for recusal is distinct from a request for substitution of judge.  Pursuant to Wis. Stat. § 971.20, a criminal defendant has the right to substitute a judge without providing a reason for the requested substitution.  Harrison, 360 Wis. 2d 246, ¶39.  Once a request for substitution is filed "in proper form and within the proper time, the judge whose substitution has been requested has no authority to act further in the action except to conduct the initial appearance, accept pleas and set bail."  Wis. Stat. § 971.20(9).  In contrast, a motion for recusal requires a defendant to overcome the presumption that a judge has acted fairly, impartially, and

11

without bias. See State v. Goodson, 2009 WI App 107, ¶8, 320 Wis. 2d 166, 771 N.W.2d 385.

¶25 Although a motion for recusal is distinct from a request for substitution of judge, this court has previously allowed a request for substitution when the defendant used the word "recuse" in his filings. See Harrison, 360 Wis. 2d 246, ¶26. In Harrison, the defendant used phrases like "change of judge" and "recusal" in some of his filings, rather than "substitution." Id. Nevertheless, this court determined that "the defendant's goal was clear: He did not want [the judge] on the instant case or the other criminal case in which he was being charged." Id. The same is true here.

¶26 Zimbal used the word "recuse," but it was clear that he did not want the circuit court judge to preside over his criminal cases. Before the circuit court, Zimbal orally stated that "[t]he Judge must recuse himself." His written request to the court of appeals provided that "I want [the judge] off my case and feel this is critical to me!" The court of appeals responded to Zimbal's letter by characterizing it as a letter "regarding substitution or recusal of Judge Atkinson."

¶27 As Harrison indicates, Zimbal's request could be liberally construed as a request for substitution. See Harrison, 360 Wis. 2d 246, ¶26. Accordingly, we analyze Zimbal's oral request in the circuit court and written request to the court of appeals as a request for substitution of judge.

¶28 We begin our statutory analysis with the language of the statute. Kalal 271 Wis. 2d 633, ¶45. Subsection (7)

12

provides that a request for substitution of judge must be "filed." Wis. Stat. § 971.20(7). In this context, the common, ordinary and accepted meaning of the word filed is "to enter (a legal document) on public official record." Am. Heritage Dictionary of the English Language 680 (3rd ed. 1992). With this definition in mind, we look next to other sections of the statute to inform our analysis.

¶29 Statutory language is interpreted in the context in which it is used, in relation to the language of surrounding or closely-related statutes. Kalal 271 Wis. 2d 633, ¶46. Several other subsections of the same statute explicitly state that requests for substitution have to be "written." See Wis. Stat. §§ 971.20(3)(b), (4) and (5). Likewise, § 971.20(10) sets forth the form for a substitution of judge request, which provides that a request be signed and dated by the defendant or his attorney:

> A request for substitution of a judge may be made in the following form:
>
> STATE OF WISCONSIN
> CIRCUIT COURT
> ... County
>
> State of Wisconsin
> vs.
> ...(Defendant)
>
> Pursuant to s. 971.20 the defendant (or defendants) request(s) a substitution for the Hon. .... as judge in the above entitled action.
>
> Dated ..., ... (year).
>
> ....(Signature of defendant or defendant's attorney)

13

This proffered statutory form further supports our determination that a request for substitution must take the form of a written document, rather than an oral request.

¶30 We consider next whether Zimbal's October 7, 2013, letter to the court of appeals complied with the statutory requirements of Wis. Stat. § 971.20. The plain language of the statute requires that a request for substitution of judge be filed with the circuit court. See Wis. Stat. §§ 971.20(3), (4), (5), (8) and (10). Additionally, as the court of appeals informed Zimbal, it did not have jurisdiction over his case after the remittitur was filed with the circuit court. See State ex rel. Fuentes v. Wisconsin Ct. App., District IV, 225 Wis. 2d 446, 452-53, 593 N.W.2d 48 (1999).

¶31 Accordingly, neither Zimbal's oral request in the circuit court nor his written request to the court of appeals complied with the statutory requirements because a request for substitution of judge pursuant to Wis. Stat. § 971.20(7) must be filed in writing with the circuit court.

¶32 Zimbal argues that even if his oral request in the circuit court and written request to the court of appeals are statutorily insufficient, his attorney's written request filed with the circuit court on November, 18, 2013, should be deemed timely. He contends that because the circuit court told him that the issue of substitution would be deferred until counsel was appointed, he complied with the circuit court's instructions for filing a motion for substitution.

14

¶33 After Zimbal made his oral request for recusal, the circuit court told Zimbal that "[s]ince you probably haven't done any research, I'll let your attorney do research on that issue and you can address that at the status conference. I'll deny your request at this time." Zimbal responded that he had spoken with his appellate counsel and she said "the Judge must recuse himself." Again, the circuit court told Zimbal that his attorney could "provide his authority for that at the status conference, and he can send it by letter beforehand, by the way if you want it addressed beforehand." Likewise, the court of appeals responded to Zimbal's letter by telling him to "consult with your trial counsel about how to proceed."

¶34 Trial counsel's November 18, 2013, filing for substitution of judge requested that it be deemed timely because he was not appointed until after the statutory deadline had run. It provided in relevant part:

> Zimbal made a written request for substitution before the statutory deadline, however he was not represented by counsel at the time and mistakenly sent the request to the Court of Appeals. Undersigned counsel was appointed by the State Public Defender on November 1, 2013.
>
> . . .
>
> Zimbal requests that the Court deem this motion timely, because counsel was only appointed after the statutory deadline had elapsed.

¶35 The State responds that Zimbal could have filed a written motion for substitution because he had counsel prior to the appointment of his public defender on November 1, 2013.

15

According to the State, Zimbal was represented by Attorney Cano (the Regional Attorney Manager for the State Public Defender in Green Bay) who appeared in his administrative capacity at two status hearings on October 4, 2013, and October 7, 2013. The State also emphasizes Zimbal indicated that before the hearing he spoke with Attorney Hirsch, his state appointed appellate counsel. Additionally, the State asserts Attorney Hirsch should have filed the request for substitution of judge on Zimbal's behalf.

¶36 The record indicates that after the remittitur was filed, Zimbal was not represented by trial counsel until November 1, 2013. Attorney Hirsch was Zimbal's appointed appellate counsel and did not appear on his behalf after the appeal of his Bangert motion was concluded. Although Attorney Cano appeared in the circuit court in his administrative capacity, he did not act as Zimbal's counsel.[8] It was Zimbal,

---

[8] The Office of the State Public Defender ("SPD") is a statutory creation and its attorneys and employees actions are governed by statute and administrative code rules. See Wis. Stat. Ch. 977; Wis. Admin. Code Chs. PD 1-8.

According to the amicus brief filed by the SPD, it has four separate divisions: an Administrative Services Division, Trial Division, Appellate Division and an Assigned Counsel Division. It advises that "[r]esponsibility for determining client eligibility and appointing counsel in SPD staff and private bar cases is delegated to attorney managers and representatives in 36 Trial Division offices and two Appellate Division offices."

(continued)

16

not Attorney Cano, who made the arguments before the circuit court at the October 7, 2013, status hearing.

¶37 Additionally, the circuit court treated Zimbal as a pro se litigant until the newly appointed counsel, Attorney Hanes, appeared at the November 1, 2013, hearing. It denied Zimbal's oral request for a new judge on October 7, 2013, stating "I'll let your attorney do research on that issue and you can address that at the status conference. I'll deny your request at this time." Zimbal was also unrepresented at an October 29, 2013, hearing during which the circuit court stated that "I think we've been able to determine there is no one appointed for you at this time."

¶38 In the alternative, the State argues that even if Zimbal was unrepresented, he could have filed a written request for substitution despite the circuit court's instructions that he wait until counsel was appointed. It relies on the court of appeals' reasoning that the circuit court's instructions did not make it "impossible" for Zimbal to comply with the statute:

> While Judge Atkinson's comments coupled with delays in the appointment of counsel for Zimbal may have lead Zimbal to conclude the court would not grant his request within twenty days of remittitur, nothing

Additionally, the SPD's amicus brief explains that within a single prosecution, appellate representation is considered a separate case from trial representation. Wis. Admin. Code § PD 2.11(1). Separate fees are imposed for trial and appellate representation. Wis. Admin. Code §§ PD 6.01 and 6.02. Likewise, certification and hiring requirements for trial and appellate cases are separate and distinct. Wis. Admin. Code § PD 1.04.

17

prevented Zimbal from complying with the requirement for filing a written request within twenty days of remittitur. Compliance with the statute was not impossible.[9]

¶39 According to the State, the substitution statute demands strict adherence to its terms because Wis. Stat. § 971.20(2) requires that the right to substitution "shall be exercised as provided in this section." It further relies on the court of appeals decision in State v. Austin, 171 Wis. 2d 251, 257, 490 N.W.2d 780 (Ct. App. 1992), which reasoned that "deviation from the requirements [of Wis. Stat. § 971.20(11)] would allow for substantial problems that are prevented by strict adherence to the statute."

¶40 Here we make an exception to the rule of strict adherence because the circuit court directed that the substitution issue would again be addressed after trial counsel was appointed and Zimbal followed that directive. This limited exception comports with our prior case law allowing for an exception when a government-created obstacle prevents a defendant from complying with the statutory deadline.

¶41 In the Baldwin-Tessmer-Tinti arraignment cases involving Wis. Stat. § 971.20(4), this court and the court of appeals allowed an exception to the rule of strict adherence to the statutory filing deadlines when a criminal defendant is arraigned before he receives notice of which judge will hear his

---

[9] State v. Zimbal, Nos. 2015AP1292-CR & 2015AP1293-CR, unpublished slip op., ¶8 (Wis. Ct. App. July 6, 2016).

18

case. See Baldwin v. State, 62 Wis. 2d 521, 530-532, 215 N.W.2d 541 (1974); See also State ex rel. Tessmer v. Cir. Ct. Branch III, In & For Racine Cty., 123 Wis. 2d 439, 443, 367 N.W.2d 235 (Ct. App. 1985); State ex rel. Tinti v. Cir. Ct. for Waukesha Cty., Branch 2, 159 Wis. 2d 783, 790, 464 N.W.2d 853 (Ct. App. 1990).

¶42 Pursuant to Wis. Stat. § 971.20(4), "[a] written request for the substitution of a different judge for the judge originally assigned to the trial of the action may be filed with the clerk before making any motions to the trial court and before arraignment." In Baldwin, the defendant argued that when the circuit judge originally assigned to the case voluntarily disqualified himself after arraignment, Wis. Stat. § 970.20 should have been construed to permit the defendant the opportunity to file a request for substitution of judge after the case was reassigned. 62 Wis. 2d at 529. The Baldwin court agreed.

¶43 The court observed that the requirement that a request for substitution be made prior to arraignment "works well in the majority of cases" because the defendant is normally arraigned before the judge who will hear the case. Id. However, it determined that in cases where the judge who handles the arraignment is not the judge who will preside over trial, strict compliance with Wis. Stat. § 971.20 is not mandated. Id. at 529-30.

¶44 The reason for the defendant's inability to comply with the statutory deadline in Baldwin was a calendaring system

19

utilized in Milwaukee County in which the judge assigned to handle the arraignment was not necessarily the same judge who would preside at trial. Id. at 530. However, Baldwin's rationale has been extended to other cases where a defendant has been unable to make a request for substitution due to a government-created obstacle.

¶45 In Tessmer, the court of appeals explained that the "Baldwin rational is controlling" when a defendant does not know what judge will be assigned to try the case until after a plea is entered . 123 Wis. 2d at 443. The Tessmer court explained that because a traffic citation does not inform a defendant of the judge assigned to trial, a defendant cannot exercise the statutory right to substitution prior to an initial court appearance. Id. Likewise, in Tinti, the court of appeals determined that because an intake system did not provide adequate notice in advance of arraignment of the assigned trial judge, an exception to the filing deadline should be made to allow for an opportunity to exercise the statutory right to substitution. 159 Wis. 2d at 790.

¶46 This case is analogous to the arraignment cases because a government-created obstacle interfered with a defendant's opportunity to timely file for substitution. When the circuit court instructed Zimbal to wait to file a request for substitution until trial counsel was appointed, this prevented Zimbal from complying with the statutory timeline. In order to comply with the statutory deadline, Zimbal would have had to disregard the instructions of the circuit court.

20

¶47 Similar to the arraignment cases, a government-created obstacle prevented Zimbal from exercising the statutory right to substitution before the statutory deadline expired. Zimbal followed the instructions of the circuit court when he waited until trial counsel was appointed to file a motion for substitution. He was not able to exercise his statutory right to substitution when the circuit court instructed him to wait until counsel was appointed and then later denied the motion that counsel filed.

¶48 Strict adherence to the 20 day filing deadline is problematic when, as here, a defendant follows a circuit court's instruction to defer filing a request for substitution of judge until after counsel is appointed. A requirement that a defendant file a request for substitution within a 20 day time limit when a circuit court in essence extends the deadline until counsel is appointed is contrary to the goal of affording a defendant an opportunity to exercise the statutory right to substitution. See Tessmer, 123 Wis. 2d at 443.

¶49 Finally, we turn to the question of whether Zimbal's motion for substitution of judge filed on November 18, 2013, seventeen days after counsel was appointed, was timely under the circuit court's extended deadline.

¶50 We again look to the arraignment cases, which have balanced the importance of giving effect to the legislative intent expressed in Wis. Stat. § 971.20 and preventing a defendant from using a request as a technique to disrupt scheduled calendaring or delay a scheduled trial. See, e.g.,

21

Clark, 92 Wis. 2d at 628-29; see also Tessmer, 123 Wis. 2d at 443-44. As this court explained in Baldwin, "[o]ne thing which should not be allowed is the disruption of the orderly calendaring and trial of a case by a request on the day of trial or at a time which upsets a trial date." 62 Wis. 2d at 532.

¶51 Accordingly, one of the considerations here is that there is no indication Zimbal intended to disrupt scheduled calendaring or delay a scheduled trial. Just the opposite——he made an oral request as soon as possible and immediately followed-up with a written request to the court of appeals. There is also no evidence in the record that Zimbal had control over the timely appointment of trial counsel.

¶52 Once counsel was appointed, he filed a motion for substitution of judge within 17 days. Under the unique facts of this case, it is reasonable to restart the 20 day deadline once counsel had been appointed because the circuit court extended the deadline. See Clark, 92 Wis. 2d at 627. Accordingly, we also agree with Zimbal that the motion for substitution of judge filed by his trial counsel on November 18, 2013, although not timely under the statutory deadline, was timely here because the circuit court extended the deadline until after his trial counsel was appointed.

## IV

¶53 In sum, we conclude that under the circumstances presented here, when a defendant follows a circuit court's instruction to defer filing a request for substitution of a judge until after counsel is appointed, that strict compliance

22

with the 20 day deadline for filing a request for substitution after remittitur is not warranted. Although Zimbal's motion for substitution of judge was not timely filed under the statute, it was timely filed in this case because the circuit court in essence extended the deadline until after his trial counsel was appointed. Zimbal complied with the extended deadline when he filed a motion for substitution of judge within 20 days after his trial counsel was appointed. Accordingly, we reverse the decision of the court of appeals and remand to the circuit court to vacate the judgments of conviction and for a new trial.

*By the Court.*—The decision of the court of appeals is reversed, and the cause remanded to the circuit court.

¶54 PATIENCE DRAKE ROGGENSACK, C.J. *(concurring).* Although I would reverse the decision of the court of appeals and remand for the assignment of a different circuit court judge to preside at Zimbal's trials, I respectfully concur in, but do not join, the majority opinion. The majority opinion's standard, which cases have described as "relax[ing]" the rule of strict compliance with Wis. Stat. § 971.20(7),[1] is too amorphous to provide guidance in future cases where a circuit court's interaction with an unrepresented defendant contributes to temporal problems with statutory compliance.

¶55 Instead, I would apply the well-developed factors of the doctrine of equitable tolling and conclude that the circuit court herein tolled the statutory time limits of Wis. Stat. § 971.20(7) when it acknowledged Zimbal's request for substitution and told Zimbal that substitution would wait until counsel was appointed. I would so conclude because Zimbal made a good faith error in relying on the circuit court's statement that his request for substitution on remand from his successful appeal would be taken up after counsel was appointed; he had no control over when counsel was appointed; and the State is not prejudiced by the application of equitable tolling. Counsel

---

[1] Majority Op. ¶41. See State ex rel Tinti v. Circuit Court of Waukesha County, Branch II, 159 Wis. 2d 783, 788, 464 N.W.2d 853 (Ct. App. 1990) (concluding that in "both Tessmer [v. Circuit Court Branch III, 123 Wis. 2d 439, 367 N.W.2d 235 (Ct. App. 1985)] and Baldwin v. State, 62 Wis. 2d 521, 215 N.W.2d 541 (1974), the filing deadline of the substitution statute was relaxed where the judicial assignment system did not adequately advise, prior to arraignment, of the judge to whom the case was to be assigned for trial.").

filed Zimbal's substitution request within 20 days of being appointed, which was timely due to the circuit court's tolling the temporal requirements of § 971.20(7) until counsel was appointed. Therefore, the court of appeals erred when it affirmed the circuit court's denial of Zimbal's substitution request.

## I. BACKGROUND

¶56 This substitution issue arose shortly after Zimbal prevailed on appeal of the circuit court's denial of his <u>Bangert</u> motion to withdraw his pleas.[2] Upon vacation of the judgments of conviction and his pleas, the court of appeals remanded Zimbal's cases to the circuit court on September 4, 2013.

¶57 On October 7, 2013, when Zimbal appeared without counsel in circuit court, the following exchange took place:

> MR. ZIMBAL: I'm also asking that you recuse yourself because there is no way you can be impartial.

> THE COURT: Since you probably haven't done any research, I'll let your attorney do research on that issue and you can address that at the status conference. I'll deny your request at this time.

The circuit court then adjourned until an October 29 status conference to await appointment of counsel.

¶58 On October 7, 2013, Zimbal also wrote to the court of appeals asking that the circuit court judge who presided at his convictions and sentencing be removed. He said, "I feel I will

---

[2] <u>State v. Zimbal</u>, Nos. 2012AP2234-CR & 2012AP2235-CR (Wis. Ct. App. Sept. 4, 2013); <u>State v. Bangert</u>, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

2

never get any fair rulings in his courtroom due to his Bias to this case and his inability to be impartial and Fair."

¶59 On October 11, 2013, remittitur occurred. On October 17, 2013, the clerk of the court of appeals replied to Zimbal, explaining that the records in his cases had been remitted to the circuit court. On October 29, 2013, because counsel had not yet been appointed for Zimbal, the status conference was adjourned.

¶60 On November 1, 2013, counsel was appointed. On November 18, 2013, counsel filed a written request for substitution with the circuit court. The circuit court denied the request as untimely under Wis. Stat. § 971.20(7) and proceeded to trial.

¶61 A jury found Zimbal guilty of multiple counts in both pending cases. The circuit court again sentenced Zimbal to consecutive, maximum sentences. Zimbal filed a postconviction motion requesting a new trial in the interest of justice because his motion for substitution should have been granted but was not. The court of appeals affirmed the circuit court's denial of his postconviction motion. We now reverse, vacate the judgments of conviction, and order the substitution of the circuit court judge and new trials on the pending charges.

## II. DISCUSSION

¶62 The State relies on Wis. Stat. § 971.20(7) to assert that Zimbal's requested substitution is not timely. It provides:

> (7) SUBSTITUTION OF JUDGE FOLLOWING APPEAL. If an appellate court orders a new trial or sentencing

3

proceeding, a request under this section may be filed within 20 days after the filing of the remittitur by the appellate court, whether or not a request for substitution was made prior to the time the appeal was taken.

Because remittitur occurred October 11, 2013 and Zimbal's counsel filed the substitution request on November 18, 2013, the State contends, and the circuit court and court of appeals concluded, the filing was not timely.

¶63 Zimbal argues that the circuit court's statement that it would not address his request for substitution until after counsel was appointed tolled the filing requirements of Wis. Stat. § 971.20(7) until counsel was appointed. He asserts that the doctrine of equitable tolling should be applied because he tried to bring his right of substitution to the circuit court's attention; he relied in good faith on the circuit court's statement; he had no control over when counsel would be appointed; and counsel filed a written request for substitution within 20 days of being appointed.

A. Standard of Review

¶64 We have not set a clear standard of review that should be applied to a circuit court's decision in regard to equitable tolling. However, when the material facts are not contested, we have reviewed whether temporal performance of an act has been equitably tolled independent of the decisions of the court of appeals and the circuit court, but benefitting from their discussions. State v. Nichols, 2001 WI 119, 247 Wis. 2d 1013, 635 N.W.2d 292. Here, material facts are uncontested and

4

therefore, we independently review whether the doctrine of equitable tolling is appropriate for us to apply.

### B. Equitable Tolling

¶65  "Equitable tolling is a remedy that permits a court to allow an action to proceed when justice requires it, even though a statutory time period has elapsed."  51 Am. Jur. 2d, Limitations of Actions § 153 (2017).  "Equitable tolling focuses on whether there was excusable delay by the plaintiff."  Id. The doctrine may be applied when a claimant has made a good faith error and there is an absence of prejudice to others if it is applied.  Id., § 154.

¶66  We have employed equitable tolling when a required act is dependent on a prior necessary act of another over whom the person seeking equitable tolling has no control.  Nichols, 247 Wis. 2d 1013, ¶26.  Wisconsin appellate courts have tolled statutory deadlines as an equitable solution for harsh results that would follow from a required action outside of defendant's control.  Walker v. McCaughtry, 2001 WI App 110, ¶13, 244 Wis. 2d 177, 629 N.W.2d 17 (citing Steldt v. McCaughtry, 2000 WI App 176, ¶17, 238 Wis. 2d 393, 617 N.W.2d 201).

¶67  In an equitable tolling defense, courts must determine the date on which tolling may have occurred.  This may be a factual or a legal question.  Griffin v. Smith, 2004 WI 36, ¶38, 270 Wis. 2d 235, 677 N.W.2d 259.  If the question is factual, a remand is required.  At other times, as when material facts are uncontested, the date on which tolling may occur will be established as a matter of law.  Id.

5

¶68 Here, Zimbal requested counsel; however, he had no control over when counsel would be appointed. On October 7, while Zimbal was unrepresented, the circuit court said that Zimbal's substitution request would wait until counsel was appointed. On October 7, 2013, Zimbal also brought his substitution request to the clerk of the court of appeals, and he continued to wait for the appointment of counsel.

¶69 In regard to Zimbal's equitable tolling argument, the State does not assert that it would be prejudiced by granting Zimbal's substitution request. The State merely asserts that the cases Zimbal cites deal with prisoners and should not excuse Zimbal's failure to file a written substitution request.

¶70 I agree with Zimbal. He relied on the circuit court's directive that his substitution request would wait until after counsel was appointed. He made a good faith error in waiting for the appointment of counsel, and the State is not prejudiced by the application of equitable tolling to his request for substitution under Wis. Stat. § 971.20(7). Accordingly, I conclude that the circuit court's October 7, 2013 decision tolled the temporal requirements for substitution under § 971.20(7) until after counsel was appointed.

¶71 Counsel was appointed for Zimbal on November 1, 2013. Because Zimbal's counsel had 20 days after appointment to file a substitution request, his filing was due on or before November 21. He filed for substitution on November 18, 2013. Zimbal's substitution request was timely.

6

III.   CONCLUSION

¶72  In   conclusion,   I   would   apply   the   well-developed factors   of   the   doctrine   of   equitable   tolling   and   conclude   that the   circuit   court   herein   tolled   the   statutory   time   limits   of Wis. Stat. § 971.20(7)   when   it   acknowledged   Zimbal's   request   for substitution   and   told   Zimbal   that   substitution   would   wait   until counsel   was   appointed.   I   would   so   conclude   because   Zimbal   made a   good   faith   error   in   relying   on   the   circuit   court's   statement that   his   request   for   substitution   on   remand   from   his   successful appeal   would   be   taken   up   after   counsel   was   appointed;   he   had   no control   over   when   counsel   was   appointed;   and   the   State   is   not prejudiced   by   the   application   of   equitable   tolling.   Counsel filed   Zimbal's   substitution   request   within   20   days   of   being appointed,   which   was   timely   due   to   the   circuit   court's   tolling the   temporal   requirements   of   § 971.20(7)   until   counsel   was appointed.   Therefore,   the   court   of   appeals   erred   when   it affirmed   the   circuit   court's   denial   of   Zimbal's   substitution request.   Having   so   stated,   I   respectfully   concur   in   the majority   opinion.

¶73  I   am   authorized   to   state   that   Justices   REBECCA   GRASSL BRADLEY   and   DANIEL   KELLY   join   this   concurrence.

7

¶74 ANNETTE KINGSLAND ZIEGLER, J. *(concurring).* I join the opinion of the court because it is written narrowly and tied to the unique circumstances present in this case. However, I write separately to emphasize that a defendant's right to the substitution of his judge under Wis. Stat. § 971.20 "is a matter of legislative grace, not constitutional mandate." State ex rel. Garibay v. Circuit Court for Kenosha Cty., 2002 WI App 164, ¶9, 256 Wis. 2d 438, 647 N.W.2d 455. Therefore, the legislature could eliminate § 971.20 entirely if it wished to do so. Although one does have a statutory right to substitution, that right is far from a constitutional right.

¶75 While I join the court's opinion, I do not endorse all of the reasoning present in the cases the court cites. Many of these cases refer to a defendant's "ability to exercise his right of substitution intelligently." Clark v. State, 92 Wis. 2d 617, 628, 286 N.W.2d 344 (1979). When words like "intelligently" exercise are used, that cannot be read to mean that somehow a person needs to affirmatively waive the right to substitution, which is just not the case. In fact, missing the statutory deadline in and of itself results in a relinquishment of the right. There need not be anything particularly "intelligent" about missing that deadline. See, e.g., State v. Naydihor, 2004 WI 43, ¶55 n.11, 270 Wis. 2d 585, 678 N.W.2d 220 ("Naydihor . . . attempted to exercise his statutory right to automatic substitution, pursuant to Wis. Stat. § 971.20(5). The motion was denied because it was untimely."); State v. Beaty, 57 Wis. 2d 531, 542, 205 N.W.2d 11 (1973) ("Defendant claims error

1

on the part of the trial court in refusing to grant a motion for substitution of judges. . . . The motion was not timely, and was properly denied."). I would therefore take this opportunity to modify the case law language that could be read to suggest that somehow waiver must be intelligently done and that seems to bestow upon this statutory right a prominence and protections it does not merit. I am nevertheless able to join the court's opinion because it does not weigh in on the correctness of that language.

¶76 Ultimately, I agree that under the unusual facts presented, Zimbal is entitled to relief. While Zimbal's later request, in and of itself, would otherwise have been properly denied under the plain terms of Wis. Stat. § 971.20(7), the circuit court had previously directly assured the defendant that it would allow the defendant additional time to request substitution and in fact, specifically denied the defendant's ability to timely file under the statute. The defendant was not allowed to timely file pursuant to the statute because the circuit court postponed addressing that request. But then the circuit court, after the statutory deadline had passed, but still timely under the circuit court's order, then denied the defendant's request citing the statute and concluding that it was untimely. Clearly, these are unique facts. Indeed, litigants should be hesitant to cite this case as authority in the future in circumstances not identical to what occurred here. Absent these unique facts, an untimely filing would be just that. It need not be intelligently waived.

2

¶77  For the foregoing reasons, I respectfully concur.